The Wabash, St. Louis and Pacific Railway Company *v.* Johnson.

No. 10,848.

THE WABASH, ST. LOUIS AND PACIFIC RAILWAY COMPANY
*v.* JOHNSON.

RAILROADS.—*Escape of Fire.*—*Negligence.*—*Complaint.*—A complaint against
a railroad company, charging that the defendant negligently and with-
out fault of the plaintiff, allowed fire to escape from its locomotive,
whereby the plaintiff's property was burned, is bad on demurrer, be-
cause it does not show that the plaintiff's negligence did not contribute
to the injury.

From the Fountain Circuit Court.

*C. B. Stuart, W. V. Stuart, J. McCabe* and *C. M. McCabe,*
for appellant.

*C. V. McAdams,* for appellee.

ELLIOTT, C. J.—The complaint in this case is very similar
to the complaint in the case of the *Wabash, etc., R. W. Co.* v.
*Johnson, ante,* p. 40. It charges the appellant with negli-
gently suffering fire to escape from its locomotives, and to
ignite and burn property belonging to the appellee. The
only averment upon the subject of contributory negligence
is confined, by the language employed by the pleader, to the
act of allowing fire to be emitted from the locomotive; there
is no averment that the injury did not occur through plain-
tiff's negligence. We held in the case cited, that it was not
sufficient to aver that the escape of the fire was not attrib-
utable to the plaintiff's fault, but that it must appear from
the facts stated, or by express averment, that the plaintiff's
fault did not contribute to the injury, and that decision rules
the present case.

It is now firmly settled that the complaint in cases of this
class must show that there was negligence in allowing the
fire to be dropped upon the track, and in allowing it to escape
from the right of way of the railroad company. *Pittsburgh,
etc., R. W. Co.* v. *Culver,* 60 Ind. 469; *Pittsburgh, etc., R. W.
Co.* v. *Hixon,* 79 Ind. 111; *Louisville, etc., R. W. Co.* v. *Eh-
lert,* 87 Ind. 339; *Indiana, etc., R. W. Co.* v. *Adamson,* 90

Ind. 60; *Indiana, etc., R. W. Co.* v. *McBroom*, 91 Ind. 111. It is, therefore, clear that it is not enough to show that the fire was emitted from the locomotive without the plaintiff's fault. That may have happened, and it still be true that his fault contributed to the injury.

Counsel in this case, as in the case of *Wabash, etc., R. W. Co.* v. *Johnson, supra,* confound matters of pleading with matters of evidence, but it must be plain to any one upon reflection that there is a marked and important difference. Having fully discussed that question in the case cited, we do not deem it necessary to again discuss it.

The complaint in *Louisville, etc., R. W. Co.* v. *Lockridge,* 93 Ind. 191, was quite as full in its statements of facts, and it was held, and, as we are satisfied, correctly, to be insufficient. The demurrer to the complaint should have been sustained.

Judgment reversed.

Filed May 28, 1884.