Filed Mar. 29, 1894.

---

No. 852.

## KELLER v. GASKILL, BY NEXT FRIEND.

MASTER AND SERVANT.—*Negligence.*—*Infant.*—*Instruction.*—The duty of an employer of a minor to instruct the latter as to the dangers involved in the service and the care to be observed is not gauged by "the knowledge, capacity, and experience of an ordinary youth" of the age of the employe, but by the requirements of the employe himself, and whether the duty has been discharged in the particular case is a question of fact for the jury.

SAME.—*Contributory Negligence.*—*Burden of Proof.*—In an action for negligence, the burden is upon the plaintiff to aver and affirmatively prove not only that the injuries sustained were caused by the negligence of the defendant, but that the plaintiff did not contribute thereto.

SAME.—*Contributory Negligence of Infant.*—What would be contributory negligence in one person might not, even under the same circumstances, constitute such negligence in another, as, for example, where one person is a man of mature years and experienced in a given employment, and the other a boy of tender age with little or no experience.

SAME.—*Negligence, When for Court and When for Jury.*—When the facts found are such that but one inference may be legally drawn from them, in any event, the question of negligence or the absence of it is for the court, but when the facts found leave room for a dif-

ference of opinion between reasonable men as to the inferences that might be drawn from them, it is for the jury to determine, from such facts, whether the party having the burden exercised due care.

SAME.—*Infant.*—*Hazardous Service.*—Where an employer, with knowledge of the youth and inexperience of an employe, directs the latter to perform a hazardous service, without giving to him instruction as to the danger, and cautionary advice as to the care necessary commensurate with the requirements of the employe, it constitutes negligence.

SAME.—*Care Required of Infant.*—*Special Verdict.*—A youth seventeen years of age is not required to use as much care as an adult, but he must exercise reasonable care according to his capacity and the circumstances of the case, and where a special verdict fails to show either by way of such ultimate facts as will enable the court to adjudge, as matter of law, freedom from contributory negligence, or by the finding of an inferential fact to that effect, a judgment for damages will not be sustained.

SAME.—*Insufficient Finding as to Care Required.*—Where the action is by an infant seventeen years old, and his age is affirmatively found by the jury accordingly, a further finding that he exercised the care of a boy of from thirteen to sixteen years, which they find to be his apparent age, is not, without more, sufficient.

From the De Kalb Circuit Court.

*A. A. Chapin, S. F. Swayne* and *B. F. Ninde,* for appellant.

*E. V. Harris* and *W. L. Penfield,* for appellee.

REINHARD, J.—The appellee, Frank Gaskill, brought this action in the Allen Circuit Court, by Kyle Gaskill, his next friend, against the appellant, to recover damages for injuries sustained while in the appellant's employment as an apprentice learning the art of making dental tools and appliances.

By change of venue, the cause was transferred to the docket of the court below, where, upon issues joined, it was submitted to a jury for trial. The jury returned a special verdict, in which, upon condition that the law was with the appellee, they assessed the damages sustained at $2,600.

Both the appellant and the appellee moved for judgment on the special verdict. The appellee's motion was sustained, and that of the appellant overruled. Proper exceptions were reserved, and the question is duly presented whether, upon the special verdict, the appellee or the appellant was entitled to judgment.

The gist of the complaint is the appellant's alleged negligence in failing to properly instruct the appellee, a minor, between seventeen and eighteen years of age, and who was alleged to be ignorant and inexperienced in that regard, as to the handling of the machinery and the proper care and caution necessary to be observed by him in order to avoid the hazard attendant upon such employment.

The jury found that the appellee was seventeen years old at the time of the injury, and that appellant knew his age; that contrary to the terms of his employment, the appellant put him to work and ordered him to run the engine, watch the water-gauge, oil the line shaft and look after the belts—work which had, before then, been performed by two other employes of the appellant.

It was further found that the appellant was "too young, immature and inexperienced to know and fully appreciate the danger of said work and undertaking."

It is contended by appellant's counsel, that because the jury found that appellee was seventeen years of age, the appellant's duty to instruct him as to the dangers involved and care to be observed must be measured "by the knowledge, capacity and experience of an ordinary youth of seventeen years of age," and that "if the appellant discharged his duty to him as a boy of that age, he is not at fault."

In this contention, we do not think the appellant should prevail. What "the knowledge, capacity and experience of an ordinary youth of seventeen years of

age" is, would be impossible either for the court or the jury to determine. We must, on the contrary, take notice of the fact that the knowledge, capacity or experience of many boys of that age is much superior to that of many other boys of the same age. No cast-iron rule can be applied in such matters. Each case must be determined by its peculiar facts and circumstances. Whether the appellee was or was not of such tender age and limited mental and physical development and experience as to require any particular caution respecting the danger and hazard attending the work at which the appellant placed him, were questions of fact peculiarly within the province of the jury for determination.

They found that under the peculiar circumstances set forth, the appellee required such instructions and cautionings, and that they were not given him. This finding, we think, was conclusive upon the question of negligence in the appellant, coupled, as it was, with the further finding that the appellee was placed, by the appellant, at employment of so hazardous a character as would probably result in injury to the appellee, and that he was injured. If the findings, therefore, further show that injury resulted from such negligence, the appellant is liable, unless such injury was ascribable, in whole or in part, to the contributory fault of the appellee.

It is insisted, however, that the special verdict clearly fails to show such absence of contributory negligence as will entitle the appellee to recover.

The rule is now firmly settled in this State, that in an action for negligence, such as this is, the burden is on the plaintiff to aver and establish, by affirmative proof, not only that the injury was caused by the negligence of the defendant, but that the plaintiff did not contribute

to such cause, in whole or in part, by his failure to exercise due and proper care. Of course, what would be contributory negligence in one person might not, even under the same circumstances, constitute such negligence in another. Thus a man of experience in the given line of employment and of mature years might be held grossly negligent for performing a certain act in the line of his employment, the performance of which, under the same or similiar circumstances, might not constitute any negligence in a boy of tender age, and without any or with but little experience in such matters.

Negligence being a question of mingled law and fact, it is often exceedingly difficult to determine whether, upon the facts found by the jury, the court will adjudge negligence or the absence thereof as a matter of law, or whether it is proper for the jury, in any case, to draw the inference of proper care, or the want thereof, from the facts found, and the adjudicated cases upon this subject are full of confusion.

The Supreme Court, however, in order to set the matter at rest, has recently laid down a rule respecting this question, which we are in duty bound to follow, and, under that rule, it may now be regarded as the settled law in this State, we think, that when the facts found are such that but one inference may be legally drawn from them, in any event, the question of negligence or no negligence is for the court alone; but when the facts found are such that there is room for a difference of opinion between reasonable men as to the inferences that might be drawn from them, it is for the· jury to determine from such facts whether or not the party claimed to have been negligent was in the exercise of due and proper care. *Cincinnati, etc., R. W. Co.* v. *Grames*, 136 Ind. 39, 34 N. E. Rep. 714.

In either event, however, it is necessary for the jury

Keller *v.* Gaskill, by Next Friend.

to find the ultimate facts from which the question of negligence or no negligence is to be determined. If the facts are such that but one inference can be drawn from them, the court will decide that there is or is not negligence as a matter of law, regardless of any inference that may have actually been drawn by the jury. But if the jury draw an inference, and it is legitimate, it will be conclusive.

It becomes our duty, therefore, in the present case, to look to the special findings, and determine from them whether the facts found are in themselves such as lead to the necessary legal conclusion that the appellee was free from contributory fault, or, if not, whether the jury have discharged their duty of drawing the inference themselves from such facts.

The jury found that in July, or early in August, 1890, when the appellee entered the service of the appellant in which he was injured, he was 17 years old, and that the injury was received by him September 8, 1890, which would make him a month or two over 17 years of age.

The jury made the following finding upon the subject of due care on the part of appellee: "We find that in all the plaintiff did in trying to throw and shift and properly place said belt in order to repair it, he exercised all the prudence, judgment, care and skill which are generally and ordinarily possessed by inexperienced boys of his then apparent age, to wit, the age of from 13 to 16 years, and we find that he did not do or omit to do anything in the way of care, prudence, judgment, and skill, which would have been differently done or omitted by boys of his apparent age, capacity, want of knowledge and skill."

Assuming for the present, that the facts otherwise found are of such a character as to bring them within the class of cases in which the jury may properly deduce

from them the inference of due care, we think it is obvious that the finding above set out falls far short of constituting such an inference. In the statement of this conclusion the jury had the right to declare unqualifiedly that the appellee was free from negligence, or qualifiedly that he exercised due care in the light of all the circumstances surrounding the transaction. They must, however, do one or the other of these two things. They can not base their inference of proper care upon a certain hypothesis without showing the presence of facts warranting such hypothesis. To find that the appellee exercised all the care of a boy of the age öf from 13 to 16 years, without a finding that he might not have exercised the care of a boy of his own age, whatever his "apparent" age may have been, was not sufficient.

We have searched the special verdict in vain for a finding, either in terms or its equivalent, that the appellee possessed only such prudence, judgment or skill as "are generally and ordinarily possessed by inexperienced boys of his then apparent age, to wit, the age of from 13 to 16 years."

For aught that appears, he may have been endowed with all the prudence, judgment and skill generally and ordinarily possessed by men of mature years in full possession of all their faculties. He was bound to exercise all the care that he might reasonably have exercised by the employment of his faculties, and the jury do not find that he did so.

We can not say, therefore, that the jury have drawn the inference of due and proper care, or want of contributory negligence, from the facts found. We must, for this reason, further look to the special verdict to see if the facts found are such as will enable us to determine, by way of legal conclusion, that they affirmatively show

the absence of contributory negligence on the part of appellee, when he incurred the injury complained of.

It is found, in substance, that the appellee, a boy 17 years of age, was engaged by his father to the appellant as an apprentice in the manufacture of dental engine burrs, which were made in the appellant's factory at Fort Wayne, in which the appellee was to work; that the appellee was to begin in the easier and simpler branches of said work and advance as his skill increased to the more artistic grade of such employment; that the work and employment upon which the appellee entered was light and unattended with danger to appellee's life or limb; that about three weeks after appellee entered upon said employment, the appellant, without the knowledge or consent of appellee's father, directed and required the appellee to perform other work in said factory, of a more hazardous character than that stated and pointed out in the contract or that appellee's father had consented to, in this that appellant ordered and required the appellee to run the engine, watch the water gauge, oil the line shaft and machinery, and look after the belts, which work had been done previously by two of appellant's servants named; that when the appellant set the appellee at said work, he required and instructed him if he should observe anything out of order or repair that he should report the same to Corpenning or Lipes, the two servants who had previously done such work, and that they would either fix it or he should do what they told him; that Corpenning and Lipes had the right respectively given them to decide whether said work of repair and fixing should be done by one of them, or ordered to be done, and the appellant instructed the appellee to obey the orders of either said Corpenning or Lipes in that behalf; that afterwards, on the 8th day of September, 1890, the appellee was at work in the line of his

duty, and the belt which extended down from a pulley on the line shaft to a small pulley on a lathe, used in the manufacture of dental instruments, was breaking or fractured, and the appellee thereupon reported it to said Corpenning, who ordered appellee to go and fix it himself; that the appellant exacted of all his employes the most strict and implicit obedience to his orders and instructions, and in pursuance of the appellant's orders and instructions, the appellee was, by and through said Corpenning, required to fix said belt himself, and he did, in the line of his duty, in the employment last aforesaid, proceed to take off and properly place said belt, in order to repair it, as he was commanded to do; that said work was a hazardous one to appellee's limb; that the appellee was too young, immature, and inexperienced to know and fully appreciate the danger of said work and undertaking; that the appellee tried to, and did, throw said belt from said pulley on the line shaft, but, through his ignorance or want of skill, threw said belt on the wrong side of said pulley, and thereupon ascended a ladder in order to take hold of said belt and lift it over said pulley, and place it on the other side thereof, on the line shaft, in order to fix and repair it; that there was on said line shaft, near said pulley, a set screw, which was set in a collar, running around and attached to said line shaft by the set screw, and that said set screw projected about an inch above said collar, and that said line shaft, collar, and set screw were revolving at the rate of 240 revolutions per minute; that appellee had, before that time, oiled said line shafting, and had casually noticed that there was a set screw on said line shaft or collar, in the vicinity of the place where said belt was improperly placed, as aforesaid, on said shaft, but that he had not noticed said set screw while the machinery was in motion, and had not observed its precise location, and while

he was trying to shift said belt, he did not think of, nor have in mind nor see, said set screw, owing to the rapid revolution of said shaft which substantially obscured it from view, and owing to his attention to his work of trying to get hold of and properly place said belt on the other side of said pulley in order that he might repair it; that while the appellee was trying to catch hold of and shift said belt on said line shaft to the other and right side of said pulley, the coat sleeve of his left arm was caught by said set screw, and twisted the appellee's left arm around said line shaft, whereby his left forearm was severely lacerated, mangled, crushed, and broken, etc.

Then follows the finding heretofore set out, in regard to the exercise of care.

It is then found that the appellee was without experience in running engines or in caring for and keeping in repair and operating the machinery and belts driven thereby, previous to his said employment; and that from his youth, inexperience, and want of knowledge he did not perceive and fully appreciate the dangers of said work or undertaking.

It is further found that the appellant knew the apparent age of the appellee when he set him to said work, and knew, or might have known, by the ordinary use of his faculties and opportunities of observing the appellee, when he employed him, and during his employment, that the appellee was too young, immature, inexperienced and without sufficient knowledge or skill to do and perform said work, without great peril to his life and limb, and to fully appreciate and realize the danger thereof; that the appellant was about the factory the most of his time, and frequently saw the appellee engaged in said work at which he last set him, or might have seen him, if he had exercised his faculties of ob-

servation. Then follows the assessment of the damages.

Eliminating from the special verdict all that which does not pertain to the immediate task of shifting and repairing the belt, we are inclined to the opinion that it is properly shown that without sufficient and appropriate instructions and admonitions, the appellee was ordered by the appellant, through the latter's agents, to perform an undertaking of a hazardous character for which he had not the requisite skill and experience. We think, however, that much, if not all, that is found regarding the appellee's change of employment, is foreign to the issue directly involved here. Whether the appellee was required to run the engine, oil the machinery, watch the water-gauge, etc., can have no legitimate bearing upon the question in hand, for the very sufficient reason that the appellee was not injured, or at least complains of no injury received, while performing such work. The principal object for which he had been apprenticed to the appellant was to learn the art of making dental engine burrs, and the jury find that the lathe at which the appellee was at work was used in the manufacture of dental instruments. It is not disclosed in the findings whether the lathe at which the accident occurred was one that had been set apart to the appellee for the purpose of teaching him the art of making such burrs, or whether he had progressed sufficiently to leave off the lighter and less hazardous employment in which he was at first to engage.

It sufficiently appears, however, that shifting and repairing the belts, even those connected with the lathe upon which we may assume he was at work, was such employment in connection with the revolving machinery as required special instructions and admonitions to the appellee in order to make him comprehend the hazard

and peril to which he was thereby exposed.   These the jury find he had not received, and, as we have already said, this omission, coupled with the act of appellant in ordering the appellee to perform this class of work under such circumstances, constituted negligence in the appellant.   This negligence, however, can not be taken as conclusive evidence of the fact that the appellee was free from blame, in the absence of a direct finding by the jury showing that appellee exercised such reasonable care as was, under the circumstances, required of him.

There are cases, we are aware, in which the circumstances may be such that the defendant's conduct alone will furnish a sufficient excuse for the performance of an act on the part of the plaintiff which might, under other circumstances, be accounted to him as contributory negligence, as where the plaintiff was deceived or misled by the conduct of the defendant into the doing of the act from which the injury results.   *Evansville, etc., R. R. Co.* v. *Marohn,* 6 Ind. App. 646, 34 N. E. Rep. 27.

Nor are we unmindful of the rule that a servant can not be charged with negligence because he changes from one part of the machinery in the shop to another in obedience to the directions of a vice-principal or agent set over him by the master, and because he obeys the instructions of such superior servant.   *Indiana Car Co.* v. *Parker,* 100 Ind. 181.

But the case at bar can not be determined upon these principles.   No act of the appellant or his servants is relied upon in the case before us which was calculated to throw the appellee off his guard and induce him to omit the exercise of that ordinary care which would be required of him under the circumstances in the undertaking upon which he had entered at the command of appellant's other servant.   Nor does it appear that the injury resulted as a direct consequence of the obedience

by the appellee of the orders of his vice-principal. The direct and proximate cause of the injury here was the appellee's obliviousness to the presence of the projecting screw upon the line shaft or collar in the vicinity of the place where he had improperly placed the belt. There is no finding from which it can be said, as a matter of law, that the appellee was exercising such ordinary care as, under the circumstances, he was required to exercise when his sleeve was caught by the set screw and his arm twisted around the line shaft. There is no presumption of freedom from contributory fault, even in favor of a minor plaintiff.

When the appellee was ordered, by the appellant's other servant, to shift the belt and repair it, the latter could not be held to know or reasonably anticipate that the appellee would disregard the presence of the set screw and carelessly allow it to come in contact with the sleeve of his coat in the manner set forth in the special verdict.

We can not say a boy over seventeen years of age, and of the appearance and experience of the appellee, would necessarily, or in all probability, fail to exercise such prudence as to avoid coming in contact with an object of such inevitable peril of which he had full knowledge. *Atlas Engine Works* v. *Randall*, 100 Ind. 293.

The appellee may have been excusable under the circumstances, for failing to exercise such care as would have avoided the accident, and we do not now hold that the finding was conclusive against him upon that subject. All that we decide is that the special verdict fails to show, either by way of such ultimate facts as would enable us to adjudge, as a matter of law, that the appellee was free from contributory negligence, or by the finding or statement of an inferential fact to that effect. In one or the other of these two ways the special verdict must

Keller *v*. Gaskill, by Next Friend.

embrace the finding of due care on the part of the plaintiff, or the judgment in his favor, upon such verdict, can not be upheld. *Cincinnati, etc., R. W. Co.* v. *Grames, supra.*

We fully agree with the appellee's learned counsel that, under the peculiar circumstances, as to age, experience, etc., of the appellee, the question of contributory negligence is one for the jury. What would be negligence in the appellee might or might not have been negligence in another boy of even the same age, and *vice versa.* We are furthermore disposed to adopt the definition of what constitutes due care in a case like this, as given by appellee's counsel from the cases cited by them, viz: "Just such care as boys of that age, of ordinary care and prudence,would use under like circumstances," and "that a child is held to no greater care than is usually possessed by children of the same age." But although a boy of the age of appellee is not required to use as much care as an adult, nor more, perhaps, than such as is commensurate with his maturity and capacity, it can not be claimed that he is not required to exercise reasonable care according to the circumstances. Had the jury found that appellee had done this, it being a question peculiarly within their judgment, we would not feel authorized, for this reason, to disturb their verdict. The finding that he exercised the care of a boy of from thirteen to sixteen years of age, does not meet this requirement, when it is affirmatively shown that he was over seventeen years old, although it be true that his "apparent" age was from thirteen to sixteen years.

Upon the facts found, we think the appellant was entitled to a judgment, but in furtherance of justice we regard it best to order a reversal, with instructions for a new trial, which, it appears from the record, was also moved for and overruled.

In view of the conclusion reached, it will not be necessary to pass upon the other questions presented, further than to say that we regard the second paragraph of complaint sufficient to withstand the demurrer.

Judgment reversed, with directions to grant a new trial.

Filed Jan. 23, 1894; petition for a rehearing overruled Apr. 17, 1894.

## CONCURRING OPINION.

Ross, J.—While I concur in the conclusion that the facts found are insufficient to sustain a judgment for the appellee, I can not concur in the statement that when the facts are found, it is the province of the jury to determine from such facts, either that the defendant was or was not guilty of negligence, or that the plaintiff was or was not guilty of contributory negligence. When the facts are found or admitted, I believe the questions of negligence and contributory negligence are for the court as questions of law.

Filed Jan. 23, 1894.