Cleveland, Columbus, Chicago and St. Louis Railroad Co. v. Hadley.

cumstances disclosed by the evidence, such inference can not be regarded as conclusive.

When construed together as an entirety, in the light of the issues and the evidence, the instructions given correctly state the law applicable to the case.,

There was no error in refusing to give the instructions asked by appellant. So far as they correctly state the law, they were included in instructions given by the court.

We find no error in the record.

Judgment affirmed.

Filed May 17, 1895.

———————◆———————

No. 1,499.

THE CLEVELAND, COLUMBUS, CHICAGO AND ST. LOUIS RAILWAY COMPANY v. HADLEY.

SPECIAL VERDICT.— *When Inferential Fact of Negligence May Be Drawn By the Court.*—If the ultimate facts in a special verdict are such that only one inference may be drawn from them, viz., negligence or no negligence, the jury need not find the inferential fact of negligence also, and the court will determine, as a matter of law, from the facts found, whether there was or was not negligence.

SAME.— *When Inferential Fact of Negligence Must Be Drawn By the Jury.* —If, however, the ultimate facts are such that reasonable men of equal intelligence may honestly and rationally differ as to the inferences and conclusions to be drawn from such facts, it is for the jury to determine the inferences also; and, in such cases, these inferences must be stated in the verdict.

SAME.— *Contributory Negligence, When Freedom From Sufficiently Found.* —*Inferential Fact.*—It is not enough for the jury to state in their verdict, in an action for tort, that the injury was received by the plaintiff without his contributory negligence. The verdict must state some fact or facts from which the inference of freedom from contributory fault may be drawn, either by the court or jury, or both.

Cleveland, Columbus, Chicago and St. Louis Railway Co. v. Hadley.

SAME.—*Ultimate Facts.—Inference of Negligence or Want of Negligence.*
—*Province of Court.*—The court must determine whether there were
such ultimate facts found as authorized the jury to draw the infer-
ence of negligence or want of contributory negligence.

SAME.—*Freedom From Contributory Negligence.—Recovery.*—The special
verdict must affirmatively establish the plaintiff's freedom from
contributory negligence, as well as the defendant's negligence,
before there can be a recovery.

RAILROAD.—*Negligence.—Fire Escaping From Right of Way.—Special
Verdict.—Theory of Complaint.*—That the special verdict contains
sufficient facts to support the theory of the complaint that the in-
jury complained of resulted from the defendant's (the railroad com-
pany's) negligence in permitting fire to escape from its right of way
onto plaintiff's premises, see opinion.

SAME.—*Special Finding.—Quantity of Combustible Material on Right of
Way.*—A finding that the railroad company had allowed large quan-
tities of dry grass, weeds and combustible material to accumulate on
its right of way for more than two months previous to the time of
the fire, when such material was in a highly inflammable condition,
in sufficient quantities to cover the right of way from within eight
feet of the track continuously up to and adjoining plaintiff's prem-
ises, is definite enough as to the quantity of such material.

SAME.—*Special Verdict.—Negligence.—Fire Escaping From Right of
Way.*—The fact that the special findings show that defendant
was negligent in setting out the fire is not sufficient to vitiate the
finding that it was negligently suffered to spread.

SAME.—*Fire Escaping From Right of Way.—Negligence.*—It is not nec-
essary, to constitute negligence in suffering the fire to spread, that
defendant should have been present or had notice of the fire and
failed to do anything to put it out. It was the negligence of defend-
ant antecedent to the fire that created the liability.

From the Hendricks Circuit Court.

*T. S. Adams, B. K. Elliott* and *W. F. Elliott,* for ap-
pellant.

*E. G. Hogate, J. L. Clark, T. J. Cofer* and *C. C. Had-
ley,* for appellee.

REINHARD, J.—This action was instituted by the ap-
pellee against the appellant for damages to the appellee's
land alleged to have been sustained by reason of fire
caused by the appellant's alleged negligence.

There was a trial by jury, who returned a special ver-

dict, in which they assessed the appellee's damages at $877.50.

Motions for a *venire de novo*, for a judgment on the special verdict, and for a new trial, made by the appellant, were overruled, and the court rendered judgment on the verdict in favor of the appellee for the amount assessed by the jury.

The errors assigned and discussed by counsel are the overruling of appellant's motion for judgment in its favor on the special verdict, the overruling of its motion for a *venire de novo*, and the overruling of the motion for a new trial.

The theory of the complaint is that appellant was guilty of negligence in permitting the fire to escape from the premises of the appellant to those of the appellee, and not in negligently setting out or starting the fire. It is insisted that the only negligence found by the special verdict is negligence in setting out the fire and not in suffering it to escape or spread to appellee's premises. Counsel for appellant argue that every complaint must proceed upon some definite theory, and that if this theory is not supported by the facts found in the special verdict no judgment can be rendered thereon. *Sloan* v. *Lick Creek, etc., Gravel Road Co.,* 6 Ind. App. 584; Elliott's Gen. Pr., sections 140, 933.

Hence, counsel further contend that if the special verdict fails to find sufficient facts to sustain the theory of negligence in allowing the fire to escape, there can be no recovery.

Conceding that the law is as stated by counsel, are the facts found insufficient to show negligence in permitting the fire to spread to appellee's land?

It must be admitted that the special verdict contains much in the nature of mere legal conclusions and inferences and matters outside of the issues. But if, notwith-

standing these unnecessary findings, there still remains enough in it of ultimate facts to show that the fire was negligently suffered by the appellant to escape from its right of way to the appellee's premises, the judgment will be upheld.

We fully agree with the learned counsel for appellant that "the statement that the defendant was negligent, or that it negligently did a designated act, or negligently omitted to do a certain thing, is not sufficient. The facts constituting the negligence and the ultimate conclusion must both be found." *Pittsburgh, etc., R. R. Co.* v. *Spencer,* 98 Ind. 186; *Pittsburgh, etc., R. W. Co.* v. *Adams,* 105 Ind. 151; *Chicago, etc., R. W. Co.* v. *Burger,* 124 Ind. 275; *Keller* v. *Gaskill,* 9 Ind. App. 670; *Cincinnati, etc., R. W. Co.* v. *Grames,* 136 Ind. 39.

First and foremost, the jury must find the ultimate facts. If these are such that only one inference may be drawn from them, viz., negligence or no negligence, the jury need not find the inferential fact also, and the court will determine as a matter of law, from such facts found, whether there was or was not negligence. If, however, the ultimate facts are such that reasonable men of equal intelligence may honestly and rationally differ as to the inferences and conclusions to be drawn from such facts, it is for the jury to determine the inferences also; and in such cases these must be stated in the verdict. Hence, it is true, as counsel for appellant contend, that whether the case is one from which the inference of negligence may be drawn by the jury or must be adjudged as a matter of law by the court, the facts justifying the ultimate inference must be found in either event, and these can not be supplied by implication or intendment. Our views upon this branch of the case are so thoroughly in accord with those advanced by the learned counsel for the appellant, that we do not deem it necessary to say

more than this, that the law is unquestionably as counsel contend, but whether the facts found are lacking in the particulars pointed out, is, of course, another matter.

It is stated in the special verdict, "that on plaintiff's said premises, adjoining the said right of way of said defendant on the north were 250 rods of rail fence, of the value of 85 cents per rod; two ricks, containing 15 tons of clover and timothy hay, the property of the plaintiff, of the value of $105; 50 rods of plank fence of the value of $25; 30 acres of timbered blue grass pasture land and 23 acres of clover and timothy meadow, 60 acres of clover and pasture lands, and on said clover and timothy pasture lands were 35 acres of clover ready to gather for seed, the property of the plaintiff, which seed was of the value of $35, and all of said property being the property of the plaintiff; that on said right of way of said defendant and adjacent to the premises of said plaintiff, and on the north side of the track of said defendant's railway were large quantities of dry grass, weeds and combustible material, which had been accumulating for more than two months previous to said dates and had for six weeks previous to said dates been in a highly inflammable condition, and covered said right of way from within eight feet of the north side of the track of defendant continuously up to and adjoining plaintiff's premises; that the defendant had not removed or attempted to remove said dry grass, weeds and combustible matter from its right of way, which had so accumulated, although there was no hindrance to the removal thereof during any of said time, nor had defendant taken any steps or precaution to prevent any fire that might become ignited in said dry grass, weeds and combustible matter from communicating with the grass and stubble on the aforesaid premises of plaintiff; that defendant was negligent in suffering said dry grass, weeds and

Cleveland, Columbus, Chicago and St. Louis Railway Co. *v.* Hadley.

combustible matter to accumulate on its right of way at said place and was further negligent in not taking some steps or precaution to prevent any fire that might become ignited in said dry grass, weeds and combustible material from communicating with the dry grass and stubble on the plaintiff's premises aforesaid, and on said 10th and 20th days of August, 1893, and for some time previous thereto, the grass and stubble on plaintiff's premises aforesaid were dry and inflammable, and on the 10th day of August, 1893, aforesaid, defendant, by its engines, which were being run over said track, set fire to said dry grass, weeds and combustible material on said right of way, adjacent to plaintiff's premises aforesaid, which said fire, by reason of defendant's negligence in failing to employ any means to prevent said fire from communicating with said dry grass and stubble on plaintiff's land, did spread to, and communicate with, the dry grass and stubble on plaintiff's land and ignite the same, which said fire burned and spread over a large tract of plaintiff's said premises, to wit, 90 acres, and communicated with and destroyed said two ricks of hay, and communicated with and destroyed 225 rods of rail fence aforesaid, and 50 rods of plank fence aforesaid, and the clover seed aforesaid, all of the value of $356.25; and said fire further burned over and destroyed 25 acres of timbered blue grass pasture aforesaid, destroying the pasture and timber thereon and killing the roots of said grass, and 23 acres of meadow land, destroying the grass growing thereon and killing the roots of the same, and 45 acres of clover and timothy pasture, killing the roots thereof.''

The special verdict then proceeds to describe the occurrence of the fire on the 20th day of August, 1893, the findings in relation to the origin and spreading of the fire being much the same as those of August 10th, and de-

scribing the property destroyed and injured.    It is then found that the plaintiff's real estate burned over by the fire was damaged by the burning of timber, blue grass, killing the roots of said blue grass and the burning of the clover and timothy meadow, etc., in the sum of $500; "that both of said fires as aforesaid were started and communicated to plaintiff's premises and burned over said premises and destroyed said property without any fault or negligence on the part of said plaintiff."

We think these findings contain sufficient ultimate facts to show that the appellant negligently suffered the fire to escape from its premises or right of way to the premises of the appellee.    The fact that they also show that appellant was negligent in setting out the fire is not sufficient to vitiate the finding that the fire was negligently suffered to spread.    We think the finding that the appellant had allowed large quantities of dry grass, weeds and combustible material to accumulate on the right of way for more than two months previous to the time of the fire, when the said material was in a highly inflammable condition, in sufficient quantities to cover the right of way from within eight feet of the north side of the track continuously up to and adjoining the appellee's premises, is definite enough to obviate the appellant's objection as to the quantity of such material.

Counsel insist that the finding that dry grass and other combustible matter were negligently suffered to accumulate on the right of way is the finding of a conclusion and not of a fact, unless it were also shown what was the quantity of such combustible material that was suffered to accumulate.    Granting that counsel are correct in this position also, we think the quantity is sufficiently stated.    If there was sufficient of such combustible matter to cover the ground on the right of way from within eight feet of the north side of the track con-

NOVEMBER TERM, 1894.          523

Cleveland, Columbus, Chicago and St. Louis Railway Co. v. Hadley.

tinuously up to and adjoining the appellee's premises, and if for the length of time stated and in its highly inflammable condition the said material was suffered to remain there without any attempt to remove the same, the appellant was guilty of actionable negligence if injury resulted.

It is true these omissions were antecedent to the injury, but that can make no difference in our view of the case. It was not necessary, to constitute negligence in suffering the fire to spread, that the appellant should have been present at or had notice of the fire, and failed to do anything to put it out. It was bound to know that it was highly probable that fire would occur on its right of way from the escaping sparks of its engines, and it was its duty to use proper care to keep it from spreading beyond the right of way to the adjacent land. As well might it be claimed that if the appellant had laid a train of powder from its right of way to the appellee's farm, and the same had been ignited from sparks emitted by its locomotives and burned appellee's property, the appellant would not be responsible for the spreading of the fire because it was not present thereat or had no notice or knowledge of the same. It was the negligence of appellant antecedent to the fire that created the liability. If the appellant suffered enough of the inflammable matter to accumulate to cover the ground for the time, and over that portion of the track and right of way described in the verdict, the presence of the objectionable material in sufficient quantities to cause the fire to spread to appellee's premises is sufficiently established.

The case of *Louisville, etc., R. W. Co.* v. *Hart*, 119 Ind. 273, is much in point. There, it is true, the complaint charged negligence, both in the setting of the fire and in suffering the same to escape, but the means by which the negligent omission in allowing the fire

to escape was accomplished was the same in both cases, viz., by permitting large accumulations of dry grass, weeds and other combustible matter on the right of way on or adjacent to the track. The finding, or special verdict, was much the same in both cases.

In the case cited, it was not shown in the special verdict that the setting of the fire was caused by the negligence of the company in operating its road or in running its engines. It was expressly held in that case that it was not necessary to prove all the acts of negligence charged in the complaint, and that the complaint would have been sufficient if it had omitted all that was charged as to the condition of the engine and the manner of its operation.

The court declared that "if a railroad company negligently and carelessly permits grass and other combustible matter to accumulate upon its right of way, and fire is emitted from one of its passing locomotives and falls upon the grass or combustible matter that has been allowed to accumulate from want of proper care on its part, and the fire spreads and passes over upon the lands of the adjoining proprietor and burns and consumes his property, he being guilty of no negligence contributing to the injury, the railroad company is liable for the loss sustained."

The liability here spoken of is, of course, the liability for suffering the fire to escape, and not for starting the fire. The gist of the negligence in the case cited, as disclosed by the special verdict, was the negligence of suffering the fire to escape by means of the dry and combustible materials which the railroad company had negligently suffered to accumulate on its premises. It was this negligence for which the company in that case was held liable, and, we think, the holding in that case fully sustains the lower court in its ruling upon the motion

now under consideration. See, also, *Indiana, etc., R. W. Co.* v. *Overman*, 110 Ind. 538; *Chicago, etc., R. R. Co.* v. *Williams*, 131 Ind. 30; *Pittsburgh, etc., R. W. Co.* v. *Hixon*, 110 Ind. 225; *Jones* v. *Michigan Central R. R. Co.*, 59 Mich. 437.

We think the special verdict is sufficient to show negligence on the part of the appellant, and that it sustains the theory upon which appellee's complaint is framed.

The appellant's counsel further insist that the special verdict fails to show such facts as lead to the conclusion that the appellee's injury was received without any contributory fault on his part. That the plaintiff, in such a case, is bound to aver and prove that the injury was sustained by him without his own contributing negligence is well settled. *Wabash, etc., R. W. Co.* v. *Johnson*, 96 Ind. 40; *Wabash, etc., R. W. Co.* v. *Johnson*, 96 Ind. 62.

It is as much the plaintiff's duty to establish his own freedom from contributory fault as it is to prove the negligence of the defendant, and the facts found must show this affirmatively. It is not enough for the jury to state in their verdict that the injury was received by the plaintiff without his contributory negligence. Such a statement is but a conclusion or inference to be drawn from the ultimate facts found in the case. It may be proper for the jury to find this inference when it has found the facts upon which it is predicated. In that case both the facts and inference must be found if the facts are such as to allow of an inference to be drawn by the jury. The rule is the same as that which governs in the case of the negligence of the defendant, and the cases already cited upon the subject control. *Keller* v. *Gaskill, supra; Cincinnati, etc., R. W. Co.* v. *Grames, supra.*

The verdict must state some fact or facts from which the inference of freedom from contributory fault may be

Cleveland, Columbus, Chicago and St. Louis Railway Co. v. Hadley.

drawn either by the court or jury, or both. The court must decide at least whether there were such facts found as authorized the jury to draw the inference. It can not be left to the jury entirely.

In the present case the finding fails to show where the appellee was or what he was doing at the time of the fire; whether he was present thereat or absent, or if present what he did to keep the fire from spreading, is not made to appear. The facts found are silent as to his whereabouts. That the fire occurred near and spread upon the appellee's premises, makes it highly probable that he was present, or had some notice or knowledge of its occurrence. What efforts he or any of his family made to arrest the fire, and to prevent the burning of the property, and why they did not succeed therein, is not made to appear. It can not be presumed that the appellee was absent at such a time, or if he was present that he did all he could to prevent or lessen the injury. We think the verdict is fatally defective in this regard. It should have found the facts necessary to show that the appellee was free from fault. This it does not do. If the facts found were such as made it most probable that the appellee was absent, an express finding to that effect might not be necessary. But the probability is otherwise.

In strictness, the appellant would be entitled to a judgment on the verdict, but, in looking to the whole record, it is our opinion that justice would be best subserved by ordering a new trial.

Judgment reversed.

Ross, J., concurs in the result.

Filed May 2, 1895.