LUHR *v.* THE MICHIGAN CENTRAL RAILROAD COMPANY.

[No. 2,090.   Filed January 13, 1897.]

SPECIAL VERDICT.—*Should Find Facts Only.*—A special verdict should find the facts essential to a recovery, and not mere conclusions of law.

SAME.—*Negligence.—Fire Escaping from Railroad Right of Way.*— A special verdict which finds that a railroad company negligently permitted combustibles to accumulate upon its right of way, and so negligently operated its engine that large coals of fire were negligently dropped therefrom setting fire to such combustibles, which fire was negligently permitted to escape upon plaintiff's land, etc., does not state sufficient facts upon which the court can properly base a conclusion that the railroad company failed to perform its duty in the premises through the want of due care.

From the Porter Circuit Court.   *Affirmed.*

*A. L. Jones*, for appellant.

*J. W. Youche* and *J. B. Collins*, for appellee.

Luhr *v.* Michigan Central Railroad Company.

Black, J.—In the appellant's action against the appellee for damage caused by fire communicated to the appellant's land from the appellee's adjoining right of way, the court overruled the appellant's motion for judgment upon a special verdict, and this action of the court is presented for our consideration.

The contention of counsel relates to the question, whether the verdict sufficiently showed negligence on the part of the appellee, to authorize judgment thereon for the appellant.

It was stated in the verdict that on the 5th day of April, 1893, the appellant was the owner in fee simple of certain lands described, through which the right of way and railroad of the appellee ran on a line about ten rods north of the south line of said land; that on said day there was standing on said land a grove of young growing timber of about six acres, which was north of and adjoining the right of way of the appellee; "that said six acres was of the value of $60.00 per acre, and of the total value of $360.00; that on said 5th day of April, 1893, a large amount of dry grass, weeds, leaves, rubbish, and other combustibles were on the right of way of the defendant along and through plaintiff's said land, which dry grass, leaves, weeds, rubbish, and other combustibles the defendant carelessly and negligently suffered and permitted to gather, accumulate, be and remain on its said right of way through and adjoining the said land of the plaintiff; that on said 5th day of April, 1893, the defendant, by its agents and servants, was running and operating a train of freight cars along and on its said railroad, through and by the said land of the said plaintiff, which said train of cars was a way freight train, and was known as train No 52, and was drawn and propelled by engine No. 39; that the defendant, by its agents and servants, so negligently operated and

managed said engine as that large coals of fire were carelessly and negligently dropped therefrom, and sparks of fire were carelessly and negligently emitted therefrom, which said coals and sparks of fire so being dropped by, and emitted from said engine, the defendant carelessly and negligently suffered and permitted to fall among, and set fire to, the said dry grass, weeds, leaves, rubbish, and other combustibles, so negligently suffered and permitted to gather, accumulate, be and remain upon the right of way of the defendant, and along its track, near and adjoining plaintiff's said land, as aforesaid; and that the defendant carelessly and negligently suffered and permitted the fire so started to spread and escape from defendant's said right of way, and onto plaintiff's said land, and to spread over and burn through said grove of young growing timber, thereby killing and destroying the trees and timber standing and growing on three acres of plaintiff's said land.    *    *    * That said fire was started, and spread, and said damage was done and caused, solely by and through the fault and negligence of the defendant as hereinbefore found."

The statements of the verdict were in great part repetitions of the complaint.

In a special verdict facts only should be found, and not mere conclusions of law. All the facts essential to a recovery must be stated. The verdict should contain the ultimate facts. If, in an action for negligence, such facts be stated in a special verdict that it can only be inferred from them that there was negligence, or that there was not negligence, the verdict need not state the inference of negligence or of no negligence. In such case the court will determine, as a matter of law, from the facts so found, that there was or was not negligence. If, the facts being stated, rea-

sonable men might candidly disagree as to the proper inference to be drawn therefrom concerning the existence or non-existence of negligence, the jury should draw the proper inference, and state it in the verdict. But whether the facts are such that the conclusion should be left to the court, or such that the jury should state the proper inference, the facts upon which the conclusion of the court is to be based, or from which the jury makes the inference, should be stated in the verdict. The facts cannot be supplied by implication or intendment. *Pittsburgh, etc., R. R. Co.* v. *Spencer,* 98 Ind. 186; *Cincinnati, etc., R. W. Co.* v. *Grames,* 136 Ind. 39; *Cleveland, etc., R. W. Co.* v. *Hadley,* 12 Ind. App. 516.

The statement in a special verdict, that an act or omission was negligent, will not vitiate the verdict, but it may add nothing that will increase its value to the party having the burden of the issue.

In the verdict before us it does not appear from facts set forth that the presence of the combustible materials upon the right of way at the time specified was due to the appellee's negligence. No facts are stated upon which either the court or the jury could properly base a conclusion that the appellee failed to perform its duty in the premises through want of due care and diligence.

The judgment is affirmed.