## JUNKIN v. LIPPMAN.

[No. 2,154.   Filed October 29, 1897.]

LANDLORD AND TENANT.—*Action by Lessee for Breach of Contract.—Special Verdict.*—Lessor desiring to make repairs of premises agreed with lessee that on account of the inconvenience and loss of trade occasioned thereby, he would partition another large room owned by him, but not included in the rental contract, which lessee was

to have the use of free of rent.  Lessor failed to partition the room. In an action by lessee for damages for breach of contract a special verdict was returned finding every material fact necessary to plaintiff's recovery except the time within which the work of partitioning was to be completed; as to which the finding was that the agreement to partition was not performed within a reasonable time. *Held,* that judgment was properly rendered for defendant on the special verdict.

From the St. Joseph Circuit Court.    *Affirmed.*

*J. W. Talbot, G. G. Feldman* and *A. J. Horne,* for appellant.

*F. J. L. Meyer,* for appellee.

HENLEY, J.—The appellant was the lessee of a part of appellee's building, situated in the city of South Bend.  Appellee desired to repair and remodel the building, and on account of the inconvenience to which appellant would be put and the loss of trade occasioned thereby to appellant, appellee agreed to partition into sleeping rooms a large room owned by him, but not included in the rental contract with appellant, which large room the appellant was to have the use of, rent free, for the losses occasioned to her by the repairing of the building.  Appellee did not partition the room, and appellant Susan J. Junkin brought this action in the lower court against appellee Leibman Lippman, demanding damages for the breach of the contract as above set out.  The cause was put at issue and a trial had by jury and a special verdict returned.  Upon motion therefor, the lower court rendered judgment upon the special verdict in favor of defendant, and overruled the motion of plaintiff (appellant) for judgment thereon.  The motion for a *venire de novo* was rightly overruled.

The only question before this court is the correctness of the ruling of the lower court in sustaining the motion of appellee for judgment upon the special verdict.

We do not believe it would be of any value to the legal profession to set out in this opinion the finding of the jury. It is sufficient to say that the jury found, by its answers to the interrogatories submitted, every fact essential to appellant's recovery, except that they did not find within what time the appellee agreed to partition or complete the work of partitioning the large room into bedrooms. It was found that appellee agreed to do this work in consideration of appellant permitting him to make the repairs and alterations upon the building. The jury found that appellee wholly failed to perform his part of the agreement within a reasonable time, and that appellant had suffered damages in a certain sum. It was certainly necessary and material for the jury to find within what time, or when the work agreed to be done by appellee in partitioning the large room was to be completed. What a reasonable time is, depends upon the facts to be proved, and showing the character of the work, location and extent thereof, the season of the year, and any other matter that might tend to hasten or delay it. The special verdict herein, standing alone, as it must stand, does not show but that a reasonable time allowed appellee to complete his work would have taken him beyond the close of appellant's tenancy, and in that event appellant could not have been damaged.

We do not think there was error of law in rendering judgment for appellee upon the special verdict.

Appellant's counsel argued that a new trial should be granted herein, because justice would be thereby better subserved, and insist that it is the duty of the court, where a special verdict fails to find a material fact, to grant a new trial and allow the appellant another opportunity to obtain a judgment. None of the cases cited by appellant's counsel are in point. Take the case of *Cleveland, etc., R. R. Co.* v. *Hadley*, 12 Ind.

App. 516. In that case a material fact was wholly omitted from the verdict; it was an essential element of the plaintiff's case, and the burden of establishing it devolved upon him. Yet, notwithstanding its absence from the verdict, the lower court rendered judgment in favor of the plaintiff. This was error for which the cause was reversed. If the lower court had rendered judgment in favor of the defendant as it should have done in the case above referred to, and the plaintiff had appealed, there would have been no reversal, because there would have been no error upon which to predicate it.

A careful investigation of all the cases will show that in but few instances of the character of the one above mentioned, have the appellate courts of this State seen fit to prolong litigation by directing a new trial, after reversing a judgment upon a special verdict, and these only when the lower court has erred in rendering judgment, and the evidence showed that manifest injustice would result from directing the verdict in favor of the appellant.

In the case at bar the lower court did not err in rendering judgment in favor of appellee, and the cause cannot be reversed in the absence of error.

The judgment of the lower court is therefore affirmed.