Cameron *et al. v.* Oberlin.

---

---

## CAMERON ET AL. *v.* OBERLIN.

[No. 2,323.    Filed Nov. 24, 1897.    Rehearing denied Jan. 25, 1898.]

FIRES.—*Negligence.*—*Independent Contractor.*—A landowner is liable for the negligence of a contractor in permitting fire to escape to adjacent lands from lands which he had contracted to clear and make ready for the plow, where such negligence flowed directly from the acts which the contractor agreed to do, and was by the landowner authorized to do, and which was the natural and probable consequence of the performance of the work in the manner and time agreed upon. *pp. 146, 147.*

SPECIAL VERDICT.—*Freedom from Fault.*—*Fires.*—A question and answer in a special verdict, in an action for damages caused by fire escaping from defendant's premises to lands of plaintiff, "Is it not a fact that the plaintiff was ignorant of the danger to which he was subjected, and that in all he did and omitted to do he exercised reasonable care under the circumstances? Answer: Yes," does not find facts sufficient from which the court could adjudge plaintiff free from fault. *pp. 148, 149.*

From the Steuben Circuit Court.    *Reversed.*

*William M. Brown* and *A. Eugene Davis,* for appellants.

*Sol. A. Wood* and *Frank S. Roby,* for appellee.

HENLEY, J.—This action was brought by appellee to recover damages sustained on account of the spread of fire from the premises of appellants. The complaint is in three paragraphs. The first paragraph alleges that the appellee was the owner of land adjacent to that of appellants and that in July, 1895, said appellants negligently set out fire on their land and negligently suffered and permitted the fire to spread onto the land of appellee, whereby he was damaged without any fault or negligence upon the part of appellee. The second paragraph of complaint alleges that the appellants on the second day of July, 1895, were in the possession and control of land adjacent to the land of appellees, that appellants had before that time employed one Heckman to burn the brush, logs, and clear up said land, agreeing to pay said Heckman a certain amount for the completion of the work, but that appellants retained complete authority to direct the manner and time when the work should be done; that said Heckman, pursuant to the order of appellants, set out the fire on the 2d day of July, 1895, and that on account of the dry weather and the large amount of inflammable matter on appellants' land, it was natural and probable that fire set out on appellants' land would pass over and escape on to the lands of appellee and burn and destroy his meadow, fences, and other property; that appellants did on said day, direct and require said Heckman to set out the fire on their said land; that said Heckman did set out said fire, as ordered by appellants, and said fire was negligently permitted to escape from said appellants' premises and onto the land of appellees, where it burned up and destroyed appellees' property without the fault or negligence of appellee.

The third paragraph of complaint alleges the set-

ting out of the fire by one Heckman, an employe of appellants, under the order and direction of appellants; and that appellants well knew when they ordered said fire set out, that the same was by reason of the extremely dry weather and the large accumulation of combustibles, reasonably certain to escape to, and burn up the property of appellee; that said fire so set out did escape to appellee's property and burn up and destroy the same, and alleging negligence upon appellant's part, and freedom from fault upon the part of appellee. Demurrers to each paragraph of the complaint were overruled.

Appellant, Mary J. Cameron, answered in two paragraphs, the first a general denial. Her second paragraph of answer sets up a contract with one Heckman by which said Heckman agreed to clear off sixteen. acres of her land and fit the same for the plow, for the sum of $12.00. That said Heckman was to have, and did have, exclusive control in the doing of the work, and that if the fire passed to appellee's land from appellant's land, it did not so escape through their, appellants', negligence; but if the fire escaped through negligence, it was the negligence of said Heckman. Appellant, John F. Cameron, answered separately in three paragraphs. The first a general denial, and in the second and third paragraphs of his separate answer, he avers that his co-appellant Mary J. Cameron, is the owner of the land upon which the fire was set out; that he is the agent of his co-appellant and as such agent entered into a contract with one Heckman, to clear and fit said land for the plow, for the sum of $12.00; that he did not for himself or for his co-appellant, reserve the right to control the work or to direct the manner or time of doing it, but that the said Heckman had the exclusive control of it, and that if fire passed from said land to the land of appellee, it so passed

while said land was being cleared by said Heckman, as he had a right to do in the performance of his said contract. Appellee replied denying the material averments of the answers of appellants. There was a trial by jury and a special verdict returned. The court upon appellee's motion, and over the motion of appellants, rendered judgment for appellee thereon. Appellants moved the court for a new trial, which was overruled. Appellants have assigned error to this court, questioning each ruling of the lower court adverse to them. Appellants' principal contention arises out of the facts set up in their separate answers to the complaint herein. They contend that Heckman was an independent contractor and not a servant; that he, Heckman, contracted to do a specific piece of work, executing it according to his own ideas or in accordance with a plan previously given to him by the persons for whom the work was to be done, and without being subject to the orders of the latter, in respect to the details of the work. It is the settled rule of law in this State, that where one lets a contract to another to do a particular work, and does not reserve to himself any control over such work, except the right to require it to conform to a particular standard when completed, he is not liable for the negligence of the party to whom the contract is let, and if the doing of the work does not necessarily create a nuisance, but is in itself harmless and lawful when carefully conducted, and the contractor has undertaken to accomplish it by means which he is to employ at his discretion, such contractor is in respect to the means employed, the master, and if in the doing of the work a third person sustains injury by the negligent use of the means employed and controlled by the contractor, the employer is not answerable. *New Albany*

*Forge and Rolling Mill* v. *Cooper*, 131 Ind. 363; *Wabash, etc., R. W. Co.* v. *Farver*, 111 Ind. 195; *Vincennes Water Supply Co.* v. *White*, 124 Ind. 376; *Ryan* v. *Curran*, 64 Ind. 345, 31 Am. Rep. 123.

It remains to be seen whether the facts found by the jury bring the case within the rule of law above announced. That appellee's property was destroyed, and that he suffered damage, is not controverted, neither is the origin of the fire, the manner of its escape, or the value of the property destroyed. It was found by the jury that one Heckman was employed by appellants to clear, burn, pick and make ready for the plow a part of appellants' land, for which he was to receive the sum of twelve dollars; that by the terms of said employment, said Heckman was to set out fire on the lands adjacent to the lands of appellee; that on the 22nd day of June, 1895, appellants told said Heckman to go ahead and clear and burn said land; that he did set out fire as so directed a few days prior to July 2, 1895, and that the fire so set out, smouldered in the ground, roots and inflammable material until July 2, 1895, and upon said last named date, escaped to appellee's adjacent premises and burned up and destroyed the property of appellee; that there had been no rain for a long time prior to the time said fire was set out and prior to the time the said contract was entered into by appellants with said Heckman, and that the ground was dry, and the brush and rubbish was in a highly inflammable condition; and that said rubbish extended up to and across the line of appellee's adjacent premises; that the setting out of the fire at the time and in the manner provided by the terms of the contract of appellant with said Heckman, was in itself, in view of the situation and circumstances then existing, unsafe and dangerous to appellee's property, and that the circumstances

were such at the time and place where the fire com-
plained of was set out, as to render it reasonably
certain that the destruction of appellee's property
would result from the fire so kindled.

We have carefully considered all the facts found in
the special verdict, and we are fully convinced that
appellants are liable for the negligence of said Heck-
man which resulted in the injury to appellee; that the
negligence which resulted in the injury, flowed di-
rectly from the acts which the contractor agreed to do
and was by the employer authorized to do, and was
the natural and probable consequence of the perform-
ance of the work in the manner and time agreed upon.
*Railroad Co.* v. *Morey*, 47 Ohio St. 207, 24 N. E. 269;
*Woodman* v. *Metropolitan R. R. Co.*, 149 Mass. 335,
21 N. E. 482.

The supreme court of Arkansas, in the case of *St.
Louis, etc., R. W. Co.* v. *Yonly*, 53 Ark. 503, 14 S. W.
801, say: "Mr. Cooley says: 'In general, it is entirely
competent for one having any particular work to be
performed, to enter into an agreement with an inde-
pendent contractor to take charge of and do the whole
work, employing his own assistants, and being re-
sponsible only for the completion of the work as
agreed. The exceptions to this statement are the fol-
lowing: He must not contract for that the necessary
or probable effect of which would be to injure others,
and he cannot, by any contract, relieve himself of
duties resting upon him as the owner of real estate,
not to do or suffer to be done upon it, that which will
constitute a nuisance, and therefore an invasion of the
rights of others.' Whether a proprietor may contract
to have his premises burned off, without being liable
for injury thereby done, is to be determined by the
second question argued by counsel. If one employs
another to perform a work which from its nature is

necessarily dangerous to the property of a third person, the employer cannot escape liability for the injury thereby done. In such 'cases the injury flows from the doing of the acts as its natural consequence, and not from the manner in which the act is done."

It is contended by counsel for appellant that the special verdict is silent as to what appellee did, if anything, to prevent the destruction of his property.

Appellee depends solely upon question and answer number thirty in the special verdict to show his freedom from fault. The question and answer is as follows: "Is it not a fact that the plaintiff was ignorant of the danger to which he was subjected, and that in all he did and omitted to do he exercised reasonable care under the circumstances?" Answer, "Yes." The latter part of the question "that in all he did and omitted to do he exercised reasonable care under the circumstances," is a finding wholly unauthorized in this case, if indeed such a finding is ever proper. It is certainly not proper when the facts supporting it are not found. The first part of the question "Is it not a fact that plaintiff (appellee) was ignorant of the danger to which he was subjected" even if we take it as the finding of a fact, is not sufficient upon which a court, as a matter of law, could adjudge appellee free from fault contributing to his injury. Appellee might not have known that appellants had caused fire to be set out on the lands adjacent to his premises, he might not have known that the fire so set out still smouldered on appellants' premises. Nevertheless, it is a fact found by the jury, that the fire was set out on appellants' premises, and that said fire supposed to have been extinguished, smouldered there three or four days before breaking out and reaching the premises of appellee. Thus the court could give full weight to the answer that appellee was ignorant.

of the danger to which he was subjected, yet there would be nothing in the question and answer in any way showing whether or not appellee knew of the fire when it actually reached his premises and was consuming his property, what he did, if anything, to prevent the destruction of his property, or whether he was present at the fire or absent from home. Upon all these matters the verdict is silent.

It was absolutely necessary that the verdict should find facts from which the court could adjudge appellee free from fault or the motion of appellant for judgment thereon should have been sustained. *Cleveland, etc., R. W. Co.* v. *Hadley*, 12 Ind. App. 516; *Chicago, etc., R. W. Co.* v. *Bailey, post*, 163; *Wabash, etc., R. W. Co.* v. *Johnson*, 96 Ind. 62; *Keller* v. *Gaskill*, 9 Ind. App. 670; *Cincinnati, etc., R. W. Co.* v. *Grames*, 136 Ind. 39. The cause is reversed, with instructions to the lower court to render judgment in favor of appellants.