THE BALTIMORE AND OHIO SOUTHWESTERN RAILWAY COMPANY v. DOES.

[No. 2,618.   Filed October 14, 1898.]

RAILROADS.—*Fire Escaping from Right of Way.—Special Verdict.— Contributory Negligence.*—To authorize a judgment for plaintiff on a special verdict in an action against a railroad company for damages caused by fire escaping from its right of way to plaintiff's premises, the facts found must affirmatively show that plaintiff was without contributory fault.   *pp. 680-683.*

SAME.— *Fire Escaping from Right of Way.— Contributory Negligence.—Interrogatory.*—An interrogatory and answer, in an action against a railroad company for damages caused by fire escaping from its right of way to plaintiff's premises, "Was not the loss of said property by fire without the fault or negligence of the plaintiff? Answer. Yes," is not sufficient to show plaintiff's freedom from contributory fault.   *p. 683.*

From the Clark Circuit Court.   *Reversed.*

*Charles L. Jewett* and *Harry E. Jewett,* for appellant.

*Voigt & Stotsenburg* and *John W. Baldwin,* for appellee.

COMSTOCK, J.—Appellee sued appellant to recover damages caused by a fire which it was alleged originated on the appellant's right of way, and was negli-

gently permitted to communicate with appellee's land and there consumed certain hay, fence rails and other property of appellee.

The cause was put at issue, submitted to a jury, a special verdict returned, on which the court rendered a judgment in favor of appellee. Appellant assigns as error, (1) the sustaining of appellee's motion for judgment on the special verdict; (2) the overruling of appellant's motion for judgment; (3) in rendering judgment in favor of appellee; (4) in overruling appellant's motion for a new trial.

Appellant contends that there is no finding of facts showing that the appellee was free from contributory negligence. The verdict consists of interrogatories and answers thereto. To authorize a judgment in favor of appellee, the facts found must show affirmatively that he was without contributory fault.

In the case of the *Cleveland, etc., R. W. Co.* v. *Hadley*, 12 Ind. App. 516, the court by Reinhard, J., says: "It is not enough for the jury to state in their verdict that the injury was received by the plaintiff without his contributory negligence. Such a statement is but a conclusion or inference to be drawn from the ultimate facts of the case. It may be proper for the jury to find this inference when it has found the facts upon which it is predicated."

No citation of authorities is needed in support of the proposition that a special verdict should find only facts, and to entitle the party having the burden of the issue to a judgment all the facts must be found, and mere conclusions and matters of evidence will not serve the same purpose as the finding of facts.

In the very well considered case of *Wabash R. R. Co.* v. *Miller*, 18 Ind. App. 549 (an action for damages from a fire set out by a railroad company), the rights and obligations of the property owner are ably

discussed.  Black, J., speaking for the court, says: "When, in such a case, the property owner had notice of the fire endangering his property to the loss for which he sues, if he could have prevented the loss by reasonable effort, and did not make such effort, or unless any attempt he could make and did not make to save his property after he discovered its danger, would be useless or extraordinarily hazardous or difficult, he cannot recover for such loss. * * * Where, as in this State, the burden rests upon the plaintiff to show his want of contributory negligence, it becomes necessary for him to show whether or not he or his servant in charge of the property had knowledge of the existence of the fire during its progress, and if it is not made to appear that such knowledge did not exist, then it devolves upon the plaintiff to show what efforts were made to save him from loss, and it is incumbent upon him to prove the use of efforts reasonable under the circumstances." Citing *Bevier* v. *Delaware, etc., Canal Co.*, 13 Hun 254; *Hogle* v. *New York, etc., R. R. Co.*, 28 Hun 363; *Eaton* v. *Oregon, etc., Navigation Co.*, 19 Or. 391, 24 Pac. 415; *Tilley* v. *St. Louis, etc., R. W. Co.*, 49 Ark. 535, 6 S. W. 8; *Louisville, etc., R. W. Co.* v. *Lockridge*, 93 Ind. 191; *Cleveland, etc., R. W. Co.* v. *Hadley; supra; Tien* v. *Louisville, etc., R. W. Co.*, 15 Ind. App. 304; *Louisville, etc., R. W. Co.* v. *Porter*, 16 Ind. App. 266; *Chicago, etc., R. R. Co.* v. *Bailey*, 19 Ind. App. 163. See also *Louisville, etc., R. W. Co.* v. *Carmon, ante*, 471.

In *Cleveland, etc., R. W. Co.* v. *Hadley, supra*, appellee sought to recover damages to his lands alleged to have been sustained by reason of appellant's alleged negligence. The court said "In the present case the finding fails to show where the appellee was or what he was doing at the time of the fire; whether he was present

thereat or absent, and if present what he did to keep the fire from spreading, is not made to appear. The facts found are silent as to his whereabouts, * * * what efforts he or his family made to arrest the fire, and to prevent the burning of the property, and why they did not succeed therein is not made to appear. It cannot be presumed that the appellee was absent at such a time, or if he was present that he did all he could to prevent or lessen the injury. We think the verdict is fatally defective in this regard. It should have found the facts necessary to show that the appellee was free from fault. This it does not do. If the facts found were such as made it most probable that the appellee was absent, an express finding to that effect might not be necessary."

The only finding relative to the question of contributory negligence in the verdict under consideration is in answer to the following interrogatory: "Was not the loss of said property by fire without the fault or negligence of the plaintiff John P. Does?" Answer. "Yes." The verdict does not show where the appellee was, nor what he or anyone else did, if anything, at any time before or during the fire to protect his property.

As we have seen, the statement contained in interrogatory twenty-five, *supra*, and the answer thereto is not the finding of facts showing freedom from contributory fault. The verdict is fatally defective in failing to find the facts from which such a conclusion might be drawn. For this reason the trial court erred in sustaining appellee's motion for judgment on the special verdict. It is claimed by appellee's learned counsel that the evidence is not in the record. We do not deem it necessary to consider the questions presented by the motion for a new trial, as they may not occur again, and do not therefore determine whether

or not the evidence is in the record. From a considera-
tion of the entire verdict, we think justice demands a
new trial. The judgment is therefore reversed, and
the cause remanded for a new trial.