Filed April 26, 1895.

--------◆--------

No. 1,556.

THE CITY OF BLUFFTON v. McAFEE.

SPECIAL VERDICT.—*Tort.*—*Due Care by Plaintiff Not Sufficiently Found.* —*Recovery.*—*City.*—Where, in an action for damages caused by a defective sidewalk, the plaintiff admits that she passed over the same place about a month before she was injured, and that she then saw the hole which afterwards caused her injury, and knew at the time of the accident that the hole was there, there should be, in order to entitle her to recover, something more in the special verdict descriptive of her care and conduct than the mere fact that "she was walking slowly."

SAME.—*Inferential Fact, When Not Warranted.*—*Due Care by Plaintiff.*— *Tort.*—Under the circumstances of the case, the inferential fact that she "was passing along and over said place on said sidewalk and crossing with due care and caution," having no basis in fact except that "she was walking slowly," is not sufficient.

From the Wells Circuit Court.

*A. L. Sharpe* and *C. E. Sturgis*, for appellant.

*E. R. Wilson* and *J. J. Todd*, for appellee.

DAVIS, J.—This was an action brought by the appellee, plaintiff below, to recover damages for personal injuries sustained by a fall in passing over an alleged defective alley crossing in the city of Bluffton. In the city of Bluffton is a street known as Wabash street, running east and west in the residence portion of the city. On each side of this street there is a sidewalk, and cross-

ing the street at right angles there is an alley separating the property of one William S. Kapp from that of a Mrs. Helms. Along the south side of Wabash street a board sidewalk leads up to the east side of this alley; then there is a plank crossing across the alley, possibly two inches lower than the sidewalk leading up to it. Then on the other side, or west side, of the alley there is a continuation of the board sidewalk, also an inch or two higher than the alley crossing. The sidewalk on each side of the alley crossing was about five feet wide, and the crossing was between three and four feet wide. The crossing was constructed of planks two inches in thickness and about four inches wide. These planks were laid lengthwise upon stringers buried in the earth so that the planks were flat upon the ground. The second plank from the north side of the alley crossing was broken at the extreme east end thereof, making a hole about four inches wide, ten or twelve inches long and about four inches deep from the top of the sidewalk immediately east of it, or two inches deep from the top of the crossing. This hole was within four inches of the north side of the alley crossing. The rest of the crossing was in good condition, leaving a good passage way on the crossing more than two and a half feet wide. It appears that the defect was not a hidden one, but was one which was open and obvious to the sight. About half past two o'clock in the afternoon of the 11th of July, 1895, a bright sunshiny day, the appellee, accompanied by a lady friend, was walking along this sidewalk going from east to west, wheeling a baby carriage containing her child, in front of her. At the time appellee was four or five months advanced in pregnancy. In passing over the alley crossing above referred to appellee accidentally stepped into the hole in the crossing and fell forward on her knee. From alleged injuries received by this fall, appellee

claims that a miscarriage was produced, and that she otherwise suffered greatly.

Appellee resided in the immediate vicinity, and she testified that she passed over this crossing about one month before the accident, and that when she went over the crossing on the occasion when she was injured she knew the hole was there "but didn't think of it at the time."

The only fact found by the jury in relation to the care exercised by appellee at the time of the injury is that "she was walking slowly."

There is no finding that she was walking carefully, or that she was using her sense of sight, or that she was paying any attention to where she was stepping. It is true the inferential fact or conclusion is found that she "was passing along and over said place on said sidewalk and crossing with due care and caution," but the only fact on which this inference or conclusion is based is that "she was walking slowly." If it appeared that she had no knowledge of the defect, and that she was walking carefully and using her sense of sight, or that she had knowledge of the defect, and that she was paying attention to where she was going, and that she was proceeding carefully in proportion to the known danger, stating the reason, if any, that caused her to step into the hole, the special verdict would, perhaps, be sufficient to sustain the judgment in her favor. In any event, if such facts descriptive of her conduct were clearly and specifically found in the special verdict, they would certainly have an important bearing in determining the question of due care. Her knowledge that the hole was there does not necessarily defeat her recovery, but it is a material fact to be considered in connection with all the other facts and circumstances in the case in determining whether she was in the exercise of due care. It was in-

The City of Bluffton *v*. McAfee.

cumbent on her to use care and caution in proportion to the known danger. In such case the care to avoid injury must be in proportion to the danger which may be encountered by reason of the defect, although at the time the existence of the defect was not present to appellee's mind.

In view of the fact that she admits that she passed over the crossing about one month before she was injured, and that she then saw the hole which afterwards caused her fall, and that she knew at the time of the accident that the hole was there, there should be, in order to entitle her to recover, something more in the special verdict, descriptive of her care and conduct, than the mere fact that "she was walking slowly." *Lyon* v. *City of Logansport*, 9 Ind. App. 21; *City of Bloomington* v. *Rogers*, 9 Ind. App. 230; *Trout* v. *City of Elkhart*, 12 Ind. App. 343; *City of Indianapolis* v. *Cook*, 99 Ind. 10; *Bouker* v. *Town of Covington*, 69 Ind. 33; *Cincinnati, etc., R. W. Co.* v. *Grames*, 136 Ind. 39.

After carefully reading the evidence, we entertain grave doubts as to the merits of the action, but have concluded that justice may be best subserved by ordering a new trial.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.

Filed April 26, 1895.