No. 1,547.

## THE CITY OF ELWOOD *v.* CARPENTER.

SPECIAL VERDICT. — *Construction.* — *Intendment.* — *Essential Facts.*— A special verdict is to be construed reasonably and fairly, yet it must, without aid from intendment or inference other than those necessarily following, contain within itself all those facts essential to establish the case before judgment can be rendered upon it in favor of him on whom rests the burden of proof.

SAME.—*Insufficiency of.*—*Action for Tort.*—*Recovery.*—That the special verdict in an action for tort, for failure of the city to keep a certain one of its streets in reasonably safe condition for travel, is not sufficient to entitle plaintiff to recover damages, see opinion.

From the Henry Circuit Court.

*M. E. Forkner* and *C. M. Greenlee,* for appellant.

*J. M. Fippen, J. M. Purvis* and *W. O. Barnard,* for appellee.

GAVIN, J.—The appellee sued to recover damages for injuries received by reason of appellant's negligently maintaining a street in a dangerous and defective condition.

We are called upon to determine the sufficiency of the special verdict to authorize the judgment rendered.

From the verdict we learn, among other things, that along the south side of north "J" street, in said city, there had been constructed, across an intersecting alley, a plank sidewalk, four feet wide, four and five-eights inches high above the level of the ground, without any approaches on either side, and with a gutter or ditch eight inches deep immediately north of the walk, the gutter being destitute of any bridge or covering at the alley crossing. This condition had existed, with appellant's knowledge, for eight months prior to January 3, 1894, upon which day it became necessary for appellee

to drive into the alley from "J" street with a wagonload of hay drawn by two horses.

On entering said alley "he drove his said team and wagon to the extreme north side of said 'north J' street and turned gradually to the right, forming a semi-circle, and drove across said ditch or gutter, and entered upon said sidewalk within the limits of said alley, moving his said team slowly, striking said sidewalk with both fore wheels of his said wagon, which occasioned a severe and strong pull of his said team to raise said fore wheels upon said sidewalk, and that in passing over said sidewalk, and said wheels dropping off the same on the south side thereof on the ground, upset said wagon, together with his said load of hay," and threw appellee to the ground, injuring him, etc.

The law is well settled that in actions of this character the facts set forth in the special verdict must show the injury to have been caused by some negligent act of the defendant, and without any contributory negligence of the plaintiff. *Lyon* v. *City of Logansport*, 9 Ind. App. 21; *Sirk* v. *Marion St. R. W. Co.*, 11 Ind. App. 680.

It does not aid a plaintiff to show negligence upon the part of the defendant unless such negligence be shown to be the proximate cause of the injury. It is not sufficient that the verdict simply fails to show the plaintiff actually negligent. *Brannen* v. *Kokomo, etc., Gravel Road Co.*, 115 Ind. 115.

It is also the law that cities must use reasonable care to make and keep their streets reasonably safe for travel, and that for their failure to so do they must respond in damages to one who has, without his own contributing negligence, been injured thereby. *Lyon* v. *City of Logansport, supra;* *Town of Monticello* v. *Kennard*, 7 Ind. App. 135; *City of Franklin* v. *Harter*, 127 Ind. 446.

Assuming that the city was negligent in constructing

this plank walk across the alley with a drop of 12⅝ inches on one side and 4⅝ inches on the other, it by no means necessarily follows, from the wagon's turning over at that point, that its overthrow was caused by the condition of the walk. We can not say, as a matter of law, that a wagon properly loaded with hay and properly driven might not safely cross such a walk, although at the expense of a pretty heavy jolt.

How the wagon was loaded, whether properly or not, does not appear. With what care and attention the team was being driven at the time of the accident is not disclosed further than that the appellee made a wide turn and drove slowly.

According to the verdict the front wheels were safely carried up the 12⅝ inch raise and the catastrophe came as they dropped down the 4⅝ inches on the other side.

So far as is made manifest by the verdict, the unsafe and insecure loading of the hay or the inattention of the driver after the front wheels safely reached the walk may have co-operated and combined with the defective crossing to produce the calamitous result.

A special verdict is not to be scrutinized unreasonably, but is to be construed reasonably and fairly, yet it must, without aid from intendment or inference other than those necessarily following, contain within itself all those facts essential to establish the case before judgment can be rendered upon it in favor of him on whom rests the burden of proof. *Becknell* v. *Hosier*, 10 Ind. App. 5; *Branson* v. *Studabaker*, 133 Ind. 147.

The finding here is quite similar to *City of Bluffton* v. *McAfee*, 12 Ind. App. 490, so far as regards the quantum of care exercised.

In our judgment it does not satisfactorily appear from this verdict, giving to it the most favorable construction

allowable in behalf of appellee, that appellee's injuries resulted from any negligent act or omission of appellant nor that his own negligence did not contribute thereto.

In view of the unsatisfactory character of the verdict, we are of opinion that justice calls for a new trial rather than a judgment upon the verdict.

The judgment is accordingly reversed, with instructions to the trial court to grant a new trial if asked for.

Filed Apr. 30, 1895.