No. 1,810.

## TERRY v. LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY CO.

CONTRIBUTORY NEGLIGENCE.—*Special Verdict.*—Inferential facts of due care and freedom from fault contained in a special verdict, cannot be given effect unless the primary facts upon which such inferential facts were founded are such that the conclusion announced may be reasonably drawn therefrom.

From the Monroe Circuit Court.

*J. R. East, R. G. Miller, M. F. Dunn* and *S. B. Lowe*, for appellant.

*E. C. Field* and *W. S. Kinnan*, for appellee.

GAVIN, C. J.—We learn, from the special verdict, that appellant was a section hand in appellee's employ. While on his way to work, with the rest of the gang, they found a caboose standing upon the main

track, along which their hand-car was moving. The foreman passed along south of the caboose, and then ordered the men, including appellant, to immediately pick up the hand-car, which was heavily loaded, and carry it around the caboose. The ground, at this side of the track, was unlevel and uneven, with snags and stubs protruding out of the ground to a height of six or eight inches, as was plainly visible to the foreman. The carrying of the hand-car, thus loaded, over such ground, was dangerous and unsafe, as appellee well knew.

After stopping the hand-car, only one or two minutes intervened before the order was given. During this time, appellant did not, and could not, examine the ground or learn the dangers of carrying the car over it; and he was, prior to his injuries, wholly unacquainted with its condition and dangers, and had no knowledge that it was full of stubs or snags. To carry the car, thus loaded, was more hazardous than, and different from, the usual manner of transporting, and imposed upon appellant an extra hazard not contemplated by his employment. Appellant, while walking forward, but behind the hand-car, helping to carry it by a handle, in pursuance of such command, without knowing of any obstruction, struck his foot against a snag protruding about eight inches out of the ground, and was thereby thrown down and injured. The floor of the car, while being carried, came to a point just above his knees, and "wholly obstructed his view from the stubs and snags beneath it and the one against which he struck his foot, and at the time he received his injury, he could not see the dangers beneath said car, and acted as an ordinary prudent person would have done under the circumstances." There is also a general finding of negli-

Terry v. Louisville, New Albany and Chicago Railway Co.

gence upon appellee's part, and want of negligence upon appellant's part.

In our summary, we have set forth all the facts indicating care upon the part of appellant. It will be observed, that it does not appear that he might not, by looking ahead of the car which he was carrying, have seen the condition of the ground and the snags thereon in front of it as he was carrying it. It is true, it is found that he could not, by reason of the floor, see the snags, etc., under the car, but it is not clear why, since he was walking forward, he might not, by looking ahead, have discovered that the ground over which he was about to travel was uneven and obstructed by snags.

There is nothing to indicate that he was on the lookout for obstructions, nor is there any fact set out exhibiting his conduct, except that he took hold of the car handle and walked.

While he may not have known the character of this particular tract of ground, we are of opinion that one about to engage in carrying a car, thus heavily laden, alongside a railroad track, might naturally expect that the way might not be absolutely smooth nor entirely free from all obstructions, over which he might stumble. He would certainly not be justified in proceeding blindly forward without paying any attention or giving any heed to where he was going.

That he was paying any attention to where he was going, or where he was putting his feet, or that he was making any effort to guard against stumbling,—does not appear from the facts, except so far as these things may be included in the general statement that he was without fault and was acting as a prudent man would.

That he was himself in the exercise of due care, or was free from any contributory negligence, was an es-

sential feature of appellant's case. It was requisite that the facts set forth in the special verdict should demonstrate this to be true.

The inferential facts of due care and freedom from fault cannot be given effect, unless the primary facts upon which they are founded are such that the conclusion announced may be reasonably drawn therefrom. *Cincinnati, etc., R. W. Co.* v. *Grames*, 136 Ind. 39; *Smith* v. *Wabash R. W. Co.*, 141 Ind. 92; *Walkup* v. *May*, 9 Ind. App. 409; *Louisville, etc., R. W. Co.* v. *Sears*, 11 Ind. App. 654; *Louisville, etc., R. W. Co.* v. *Costello*, 9 Ind. App. 462; *Becknell* v. *Hosier*, 10 Ind. App. 5.

Appellant's want of knowledge of the condition of the ground, and the fact that he was carrying an unusually heavy load, did not relieve him from exercising care, but they rather increased the *quantum* of care which he should have exerted.

The cases of *City of Bluffton* v. *McAfee*, 12 Ind. App. 490; *City of Elwood* v. *Carpenter*, 12 Ind. App. 459; *Gaston* v. *Bailey*, 14 Ind. App. 581, closely resemble the one in hand, so far as the showing as to the *quantum* of care is concerned.

There is, in our opinion, no sufficient basis in the specific facts, set forth in the verdict, upon which to legitimately support the inferential facts found by the jury.

Judgment affirmed.

Filed March 24, 1896.

## ON PETITION FOR REHEARING.

GAVIN, C. J.—At the request of counsel, the court has again given this cause consideration, but our views of the case have not been changed.

Counsel earnestly insist that the decision contra-

venes the law declared in *Brazil Block Coal Co.* v. *Hoodlet,* 129 Ind. 327, that, "When a master orders a servant to do something which involves encountering a risk not contemplated in his employment, although the risk is equally open to the observation of both, it does not necessarily follow that the servant either assumes the increased risk, or is negligent in obeying the order."

In this they are in error. The opinion neither holds that appellant assumed the risk, nor that he was guilty of negligence. The holding simply is that the facts do not show want of negligence. There is a well-defined and manifest distinction between a state of facts which shows a party guilty of negligence and one which fails to show him not guilty of negligence.

Appellant's conduct is not sufficiently set forth in the verdict to authorize a legitimate inference one way or the other, as to his negligence. The jury, in drawing the conclusion of freedom from negligence, possibly took into account facts disclosed, perhaps by the evidence, but not contained in the verdict, just as the counsel do in arguing their petition, upon the supposition that to have looked ahead would have been unavailing because of the difficulty of "seeing through the forms of five men in front of him," of which condition of things the verdict does not speak. In our consideration of the matter involved, we are, by the law, limited to the verdict.

Petition overruled.

Filed May 15, 1896.