LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY
COMPANY v. PORTER.

[No. 1,844.    Filed October 20, 1896.]

RAILROAD COMPANY.—*Damages by Fire.—Contributory Negligence.
—Special Finding.*—A judgment against a railroad company for
damages for negligently causing a fire is not sustained by a special
finding which fails to find facts showing that the damages re-
sulted without contributory negligence on the part of plaintiff.

From the White Circuit Court. *Reversed.*

*E. C. Field, W. S. Kinnan, E. B. Sellers* and *W.
E. Uhl,* for appellant.

*Simon P. Thompson,* for appellee.

DAVIS, C. J.—This suit is prosecuted by appellee
against appellant to recover damages sustained by
fire. The complaint is in six paragraphs. The first
three paragraphs charge appellant with negligently
causing a fire on July 28, 1893, which burned the
meadow, sod, turf, and grass roots, destroying the
same off of six acres of appellee's land, and burned up
and destroyed twenty rods of fence.

The fourth, fifth, and sixth paragraphs of the com-
plaint allege a second fire, of September 4, 1893, which
"burned the said sod, turf, and grass roots and to-
tally destroyed the same off of two acres and one-half
of ground from one to three feet deep, to plaintiff's
damage $80.00; and burned and destroyed twenty rods
of said wire fence, to plaintiff's damage $10.00; burned
injured and damaged forty rods of tile, to plaintiff's
damage $80.00, in all to plaintiff's damage $170.00.

Appellant's line of railroad crosses appellee's land,
cutting off five acres of the northeast corner. The

first fire burned over appellee's land or a part thereof, lying southwest of the track. The fire of September 4, burned over two and one-half acres of the five-acre piece lying northeast of the track.

The jury in their special verdict assess appellee's damages resulting from the first fire, which burned over six acres southwest of the track, at $14.50.

The damages resulting from the fire of September 4, are assessed by the jury at $130.00.

Appellant's motion for judgment in its favor on the special verdict was overruled and exceptions duly saved, and judgment rendered in favor of appellee for $144.50, to which appellant excepted.

Appellant's motion for a new trial was overruled and exceptions duly saved.

The assignment of errors brings all these questions to this court for review.

Counsel for appellant insist that the special verdict is insufficient because it fails to find any facts from which the court can adjudge as a conclusion of law that the damages resulting from the fire of September 4, were caused without appellee's contributory negligence. One contention is that the finding that it was "without any fault or want of care on the part of the plaintiff," is a conclusion and not the finding of a fact, and must, therefore, be disregarded.

As to the September fire the jury find that a large coal of fire escaped through the defective netting and broken meshes of appellant's spark arrester on a freight train and was blown into the air from the appellant's smoke stack and was carried by the breeze to appellee's land, and that it set on fire the dry grass on appellee's land "and immediately spread over plaintiff's land to the northeast of said right of way and set fire to the muck, peat and decayed vegetation in said drained pond and continued to burn therein

for a space of thirty days, burning and destroying the soil thereof to the depths of from one to three feet, from two and one-half acres of plaintiff's said land located next to said schoolhouse and the said public highway, destroying the usefulness of said tile, and destroying twenty rods of the plaintiff's said fence, in all to the damage of plaintiff's said land $130.00. After said fire was kindled the plaintiff's tenant took active means to prevent said fire from burning a greater quantity of plaintiff's said land by digging ditches."

It is not necessary to set out the finding in full or substance thereof, but it will suffice to say that the facts found show that the fire was the result of appellant's negligence and that the appellee was free from fault in suffering the fire to escape to his premises.

No fact or circumstance, however, is found in addition to what is embraced in the findings above set out, indicating when appellee or his tenant first discovered the fire or what, if any, effort was made by either of them to prevent the destruction of the two and one-half acres of the fencing or tiling mentioned in the finding.

It is true the finding shows that after the fire was kindled appellee's tenant took active means to prevent said fire from burning a greater quantity of appellee's land by digging ditches. How long after the fire was kindled this was done, does not appear. The inference is, however, that the active means referred to were not made to prevent the burning of the two and one-half acres of fencing or tiling for which damages were allowed by the jury. The inference is that the active means referred to were employed to prevent said fire from burning other lands. In other words no fact is found indicating that within said

thirty days any effort was made to prevent the burning of the two and one-half acres or the tiling or the fencing above mentioned. The only fact found in relation to the knowledge or conduct of appellee or his tenant relates to what was done to prevent the burning of a greater quantity of land. As before stated, when the effort was made is not found. For aught that appears it may have been at the expiration of the thirty days from the time the fire was communicated to the two and one-half acres. The finding is that the destruction of the fire continued for thirty days. How much of the damage had been done to the two and one-half acres and the fencing and tiling before the fire was discovered by appellee or his tenant is not shown. Neither does it appear that anything was or was not done, or that anything could or could not have been done to check the spread of the fire or to prevent the destruction of the two and one-half acres or the fencing or tiling after the discovery of the fire within the thirty days. In other words nothing whatever appears in the finding as to the knowledge or conduct of appellee or his tenant during the thirty days that the two and one-half acres and the fencing and tiling in question were being burned. No fact is found tending to show that appellee was free from fault contributing to the injury, except as before stated the facts found are sufficient to show that the origin of the fire on his premises was without fault on the part of appellee. As the finding of facts shows that the fire continued the burning of the two and one-half acres for thirty days, the facts as to the knowledge or conduct of appellee in relation to the fire during that time should have been found. If the facts were found showing that appellee, during said thirty days, had no knowledge of the fact that the fire was burning his land, or that he made an effort to check

the fire, or that such effort would have been unavailing as to the two and one-half acres and fencing and tiling, the verdict would perhaps be sufficient. *Wabash, etc., R. W. Co.* v. *Johnson*, 96 Ind. 40; *Cleveland, etc., R. W. Co.* v. *Hadley*, 12 Ind. App. 516.

The facts found should show that appellee was free from fault contributing to the injury. At least the facts and circumstances connected with the destruction of his property should be so fully stated and found in the verdict as to justify the inference by the jury that he was free from fault contributing to the injury.

There is evidence in the record tending to prove that appellee was at Indianapolis when the fire originated on his land, and that when it was discovered by him nothing could have been done by him to prevent the injury or any part thereof caused by the September fire, on account of which he recovered damages in this action.

There is also evidence in the record tending to prove that the tenant of appellee as soon as he discovered the fire did all that could be done to prevent the destruction of the two and one-half acres. In other words if the facts testified to by the appellee and his tenant had been found by the jury in their verdict, they would, in our opinion, have justified the inference that the property burned by the September fire was destroyed without fault on the part of appellee.

Other questions are discussed, but as they may not arise on another trial, it is not necessary to decide them. Justice will be best subserved by granting a new trial.

The judgment of the trial court is reversed with instructions to sustain appellant's motion for a new trial.