## The Wabash Railroad Company v. Miller.

[No. 2,110.   Filed December 8, 1897.]

RAILROADS.—*Fires Escaping from Right of Way.—Damages.—Contributory Negligence.—Burden of Proof.*—In an action against a railroad company for damages on account of fire escaping from its right of way and damaging plaintiff's property, resulting from the negligence of defendant, the burden is upon plaintiff to plead and prove want of contributory negligence upon his part.  *pp. 550, 551.*

SPECIAL VERDICT.—*Railroads.—Fires Escaping from Right of Way. — Damages.— Freedom from Contributory Negligence.*—A special verdict in an action for damages against a railroad company, caused by fire escaping to plaintiff's premises by reason of defendant's negligence, to entitle plaintiff to a judgment thereon, must show that plaintiff was free from negligence proximately contributing to the damage suffered by him.  *552, 553.*

RAILROADS.—*Fires.—Damages.—Contributory Negligence.*—In an action against a railroad company for damages on account of fire escaping from its right of way, it devolves upon plaintiff to show a reasonable effort on his part, under the circumstances, to prevent the loss for which he sues, where he had notice of the fire endangering his property.  *p. 553.*

SAME.—*Fires.—Damages.—Special Verdict.*—A special verdict in an action against a railroad company for damages on account of fire escaping from its right of way to plaintiff's premises, must show all the facts essential to a recovery; mere conclusions of law and matter of evidence stated in the verdict will not serve the same purpose as the finding of facts.  *p. 553.*

SPECIAL VERDICT.—*Negligence.*—Where negligence is in issue, and the facts are such that different conclusions may be drawn, the primary facts from which such conclusions are drawn by the jury must be stated in the verdict.  *p. 554.*

SAME.—*Railroads.—Fires.—Contributory Negligence.*—An interrogatory and answer in a special verdict in an action against a railroad company for damages from fire escaping from its right of way: "Did not the plaintiff and the members of his family make all reasonable efforts to subdue and extinguish said fire?  Answer, Yes," do not sufficiently show plaintiff's freedom from contributory negligence.  *pp. 554, 557.*

SAME.—*Finding as to Admissions Made by Party.*—A finding by the jury, by an interrogatory and answer, that defendant, in the trial of the action, admitted its liability as alleged in plaintiff's complaint, and waived any proof relative thereto, except as to the amount of recovery, is improper.  *pp. 557–559.*

From the Allen Superior Court.    *Reversed.*

*Zollars & Worden* and *Stuart Brothers & Hammond,* for appellant.

*Walpole G. Colerick* and *W. E. Colerick,* for appellee.

BLACK, J.—The appellant was sued by the appellee for the recovery of damages for injuries to his property from fires permitted, through appellant's negligence, and without the appellee's fault, to escape from its right of way. The complaint contained three paragraphs, each relating to a separate fire. An answer of general denial having been filed, the cause was tried by jury, and a special verdict consisting of interrogatories with the jury's answers thereto was returned. Damages were assessed by the jury upon each paragraph of the complaint, the total being $1,701.38.

The only findings concerning the question as to the appellee's freedom from contributory negligence in connection with the matter set forth in the first paragraph of the complaint, in those parts of the special verdict relating to such matter, were embraced in the following interrogatories and answers:

"82.  Did not the plaintiff and the members of his family make all reasonable efforts to subdue and extinguish said fire?  Answer: Yes.

"83.  Did not the injuries of which the plaintiff complains in his complaint in this action, and the damages which he sustained by reason of said fire, occur without any fault or negligence on his part? Answer: Yes."

In such an action, as in other actions for damages resulting from negligence, the burden is upon the plaintiff to plead and prove his want of contributory negligence; and when a special verdict is returned, he

will not be entitled to judgment in his favor thereon unless it be sufficiently shown by the verdict that he was free from negligence proximately contributing to the damage suffered by him. *Louisville, etc., R. W. Co.* v. *Lockridge,* 93 Ind. 191; *Wabash, etc., R. R. Co.* v. *Johnson,* 96 Ind. 40; *Wabash, etc., R. R. Co.* v. *Johnson,* 96 Ind. 62; *Cleveland, etc., R. W. Co.* v. *Hadley,* 12 Ind. App. 516; *Tien* v. *Louisville, etc., R. W. Co.,* 15 Ind. App. 304.

The inquiry as to whether or not the owner of property destroyed by such a fire was or was not guilty of contributory negligence, may relate, in a given case, to his conduct, his acts or omissions, prior to the fire, or to his conduct after the fire commenced or was set out. Negligence is an inadvertent act or omission in contravention of a duty. The question as to the property owner's contributory negligence, or want of due care, before the fire, must have reference to his right to use his own property with due regard to the right of the railroad company also so to use its own as not to injure another. It is his duty to protect himself by the exercise of such care as, having reference to the circumstances, may properly be said to be ordinary care. He may proceed before the fire upon the presumption that the railroad company will not injure him through its negligence. He may rightfully use his property in the ordinary and customary way of using such property, without resort to extraordinary safeguards or precautionary methods against injury through negligence of the railroad company. He is not bound to remove dry grass or other combustible materials which may be in danger of ignition only through negligence of the railroad company; for he is not bound to anticipate such negligence. By ordinary use of his property he does not assume risks of injury through the company's negligence, but he assumes the

risk of accidental loss through fires not occasioned through negligence or willfulness on the part of the company; for the company also has the right, as to the property of others, to operate and use its railroad with ordinary care. *Philadelphia, etc., R. R. Co.* v. *Hendrickson,* 80 Pa. St. 102; *Snyder* v. *Pittsburgh, etc., R. W. Co.,* 11 W. Va. 14; *Kellogg* v. *Chicago, etc., R. W. Co.,* 26 Wis. 223; *Delaware, etc., R. R. Co.* v. *Salmon,* 39 N. J. Law, 299; *Jacksonville, etc., R. W. Co.* v. *Peninsular, etc., Mfg. Co.,* 27 Fla. 1, 9 South. 661; *Pittsburgh, etc., R. W. Co.* v. *Jones,* 86 Ind. 496; *Pittsburgh, etc., R. W. Co.* v. *Hixon,* 79 Ind. 111; *Louisville, etc., R. W. Co.* v. *Krinning,* 87 Ind. 351; *Chicago, etc., R. W. Co.* v. *Burger,* 124 Ind. 275.

In the case before us it is not claimed, on behalf of the appellant, either that the special verdict did not, as to the first paragraph of the complaint, show negligence on the part of the appellant, or that it failed to show such use of his property by the appellee as to sufficiently establish his freedom from negligence contributing before the fire to his loss, in the instance to which the first paragraph of complaint relates.

But upon the question whether or not the appellee's freedom from contributory negligence after the fire is sufficiently shown in the verdict, the briefs contain a very vigorous and quite animated discussion.

When, in such a case, the property owner had notice of the fire endangering his property to the loss for which he sues, if he could have prevented the loss by reasonable effort, and did not make such effort, or unless any attempt he could make and did not make to save his property after he discovered its danger, would be useless or extraordinarily hazardous or difficult, he cannot recover for such loss. If he fail to do his duty, then to the extent to which his loss is attributable to such failure, he must bear it without com-

pensation from the company. Where, as in this State, the burden rests upon the plaintiff to show his want of contributory negligence, it becomes necessary for him to show whether or not he or his servant in charge of the property had knowledge of the existence of the fire during its progress, and if it is not made to appear that such knowledge did not exist, then it devolves upon the plaintiff to show what efforts were made to save him from loss, and it is incumbent upon him to prove the use of efforts reasonable under the circumstances. *Brevier* v. *Delaware, etc., Canal Co.*, 13 Hun. 254; *Hogle* v. *New York, etc., R. R. Co.*, 28 Hun. 363; *Eaton* v. *Oregon, etc., Navigation Co.*, 19 Ore. 391, 24 Pac. 415; *Tilley* v. *St. Louis, etc., R. W. Co.*, 49 Ark. 535, 6 S. W. 8; *Louisville, etc., R. W. Co.* v. *Lockridge, supra; Wabash, etc., R. W. Co.* v. *Johnson, supra; Cleveland, etc., R. W. Co.*, v. *Hadley, supra; Tien* v. *Louisville, etc., R. W. Co., supra; Louisville, etc. R. W. Co.*, v. *Porter*, 16 Ind. App. 266; *Chicago, etc., R. R. Co.* v. *Bailey* (Ind. App.), 46 N. E. ·688.

The question here presented concerning the proper effect of the portion of the special verdict relating to the plaintiff's care and diligence, is to be determined by the application of the principles relating to special verdicts in actions for negligence in general, having in view the peculiar nature of the particular cause of action. 'In a special verdict, facts only should be found; and to entitle the party having the burden of the issue to a judgment in his favor, all the facts essential to such a recovery must be found; while mere conclusions of law and mere matter of evidence stated in the verdict will not serve the same purpose as the finding of facts. *Indiana, etc., R. W. Co.* v. *Barnhart*, 115 Ind. 399; *Louisville, etc., R. W. Co.* v. *Berkey, Admr.*, 136 Ind. 181; *Louisville, etc., R. W. Co.* v. *Miller*, 141

Ind. 533; *Pittsburgh, etc., R. W. Co.* v. *Adams*, 105 Ind. 151; *Conner* v. *Citizens' Street R. W. Co.*, 105 Ind. 62.

When negligence is in issue, and the facts are such that different conclusions may be drawn reasonably as to whether the plaintiff did or did not act as a reasonably prudent man would ordinarily act under like circumstances, and the case is therefore one in which it is within the province of the jury to draw and state the inference of fact that the plaintiff did or did not act as a person of ordinary prudence would act under like circumstances, yet unless the primary facts from which such inference is drawn by the jury be also stated in the verdict, so that the court may have the opportunity to determine whether different conclusions might reasonably have been drawn from them, such conclusion or inference stated by the jury will not be accepted by the court as decisive of the matter so stated. It will be treated, not as an inferential fact legitimately found by the jury, but as a statement of a conclusion of law would be treated, by ignoring it. *Cincinnati, etc., R. W. Co.* v. *Grames*, 136 Ind. 39; *Walkup* v. *May*, 9 Ind. App. 409; *Gaston* v. *Bailey*, 14 Ind. App. 581; *Terry* v. *Louisville, etc., R. W. Co.*, 15 Ind. App. 353; *Board, etc.*, v. *Bonebrake*, 146 Ind. 311; *Seybold* v. *Terre Haute, etc., R. W. Co.*, *ante*, 367.

These legal questions are settled. There is no controversy concerning them, or denial that they are controlling rules of law. If in any particular cases the decisions have not been in harmony with them, such decisions are so far not controlling.

It is not claimed, as we understand counsel, that the interrogatory and answer numbered eighty-three, standing alone, would be sufficient upon the matter to which it relates, to uphold a judgment for the plaintiff; but it is claimed that it is an inference legitimately drawn by the jury from facts stated in the in-

terrogatory and answer numbered eighty-two, whereby it is found that the plaintiff and the members of his family made all reasonable efforts to subdue and extinguish the fire. But it is not proper to state in a special verdict that a party was or was not negligent, or that an act was or was not negligently done or omitted. The finding in the interrogatory and answer numbered eighty-three was a statement by the jury of a conclusion involving law and facts, and was inadmissible in a special verdict. It was not equivalent to a finding that the plaintiff acted as a person of ordinary care and prudence would act under like circumstances, which finding itself would not avail without the finding of the facts from which the inference was drawn. *Board, etc.*, v. *Bonebrake, supra;* *Seybold* v. *Terre Haute, etc., R. W. Co., supra.*

There is a finding of the fact that the plaintiff and the members of his family made efforts, but what was done is not stated, nor is it shown when, or at what stage of the fire, or how soon after it was discovered, the efforts were made. It does not appear that efforts were made to save the appellee from loss by preventing the destruction or injury of any particular property, for the loss of which damages are sought, or that the efforts were such as ought to have been made for such a purpose. In brief, without seeking to specify further what facts are not found, it cannot be said that there was a finding of facts which the court could regard as such that different conclusions might reasonably be deduced therefrom, upon the question as to the plaintiff's care and diligence. The court could not determine from the facts stated that it was within the province of the jury to infer that the efforts made were such as ordinarily prudent men would make; and, if it be equivalent, and, therefore, permissible, for the jury in any case to find that efforts made were all that were

reasonable, it is not shown what the efforts were which were so regarded by the jury, and the court could not know from what facts such conclusion was drawn. And the finding that the plaintiff and his family made efforts, not specified or described in any manner, to subdue and extinguish the fire, at some stage not designated, was not sufficient to enable the court to conclude that the plaintiff's loss in question occurred without any contributory negligence. *Cleveland, etc., R. W. Co.* v. *Hadley, supra*; *Tien* v. *Louisville, etc., R. W. Co., supra; Louisville, etc., R. W. Co.* v. *Porter, supra; Chicago, etc., R. R. Co.* v. *Bailey, supra.*

This court recently, in *Louisville, etc., R. W. Co.* v. *Roberts, ante,* 538, had before it the question whether, in a case like the one now at bar, the plaintiff's freedom from contributory negligence was sufficiently shown in a special verdict by the following questions and answers:

"Q. What effort did plaintiff make to prevent his hay and land from being burnt by the fire, September 5, 1893? Ans. Done all he could. Q. Did the plaintiff do all in his power to prevent the fire from reaching his land and burning his property? Ans. Yes."

It was held rightly, we still think, that these findings did not sufficiently show the facts establishing the plaintiff's freedom from fault. In the case at bar, the finding falls further short, if possible, than in the case last cited; for here it is not found that any efforts were made to save appellee's property from loss by burning, but only that efforts were made to subdue and extinguish the fire, without any statement as to the stage of its progress at which the efforts were made.

The appellee has cited the case of *New York, etc., R. R. Co.* v. *Grossman,* 17 Ind. App. 652, in which it was

held, in effect, in a case like the one before us, that a finding in a special verdict, that the value of the plaintiff's labor in suppressing the fire complained of in his complaint was five dollars, was a sufficient showing of his freedom from contributory negligence after his discovery of the fire. It is perhaps true, in view of the authorities there referred to, that the distinction between the slight care required of the land owner before the fire, and the diligence necessary after he has discovered the fire was not sufficiently regarded, and we are inclined to agree with counsel for the appellant that the decision is not in harmony with the weight of authority, so far as it holds that the special verdict sufficiently showed the plaintiff's freedom from contributory negligence after the discovery of the fire.

The findings in the special verdict concerning negligence on the part of the appellant and freedom from contributory negligence on the part of the appellee, in relation to the fires described in the second and third paragraphs of the complaint, were contained in the interrogatories and answers numbered eighty-nine and one hundred, as follows: "Eighty-nine: Did not the defendant in the trial of this action expressly admit that it is liable to the plaintiff for any damages he sustained by reason of the fire referred to in the second paragraph of the complaint in this action, and waive any proof as to said fire and every other fact therein averred, excepting the amount of said damages, and cause said admission and waiver to be noted by the shorthand reporter of this court, who has reported the evidence tendered on said trial?   Answer, Yes."

"One Hundred.   Did not the defendant on the trial of this action expressly admit that it is liable for any damages that the plaintiff sustained by reason of the fire referred to in the third paragraph of the complaint

in this action, and waive any proof as to said fire and all other facts therein averred, excepting the amount of said damages, and cause said admission and waiver to be noted by the shorthand reporter of this court, who has reported the evidence rendered on said trial? Answer, Yes."

This was anomalous practice. The proper use of a special verdict is to present the facts in such manner that the court, applying the law to them, may thereupon render judgment upon the issue or issues tried. The statute (Acts 1895, p. 248), section 555, Supplement to Burns' R. S. 1894, under which this verdict was rendered, provided for the return of a special verdict "upon any or all the issues" in the case, by way of answers of the jury to interrogatories so framed that the jury would be required to find "one single fact in answering each of such interrogatories." It was proper for the verdict to show, not mere evidence of facts, but the facts themselves which the jury might find from the evidence.

It is a common thing in the course of a trial for a party to admit a particular fact, or particular facts, which otherwise the other party would be required to prove, or for parties to agree in the presence of the jury upon a fact or facts, thereby waiving other proof thereof, and relieving the party having the burden of proof of the need of introducing evidence of such facts, they being, not merely no longer in controversy, but taken as established for the purposes of the trial. But in a special verdict, the facts so admitted and established should be found as facts, and the mere evidence thereof, the method by which they were established, should not be stated. In the instance we are now considering, the admissions and waivers stated in the findings were not of particular facts, but of the causes of action stated in the two paragraphs of the

The Wabash Railroad Company v. Miller.

complaint, leaving only the amount of damages in dispute.  Such admission and waiver, properly and effectually made, would modify the issues to be tried by the jury, so that nothing would remain to be proved and to be found by the jury but the amount in which the plaintiff was damaged; and only the matter thus still in issue should be submitted to the jury, and the jury would properly be required to answer only interrogatories which would elicit findings of facts pertaining to such matter still at issue.  They could not find the other facts relating to the cause of action for there would not be any evidence, properly so called, upon which to find them.  It is not proper for the jury to determine and state in a special verdict what are the pleadings in the cause, or what are the issues on trial. It is for the court to instruct the jury upon what issues they are to find the facts.  See *Toler* v. *Keiher*, 81 Ind. 383.  It is stated in the verdict, that the appellant caused the admissions and waivers to be noted by the shorthand reporter.  No longhand report was made by the reporter, it is agreed by counsel in argument here; and there is no bill of exceptions containing such a report in the record.  The special verdict states the admissions and waivers as matters of evidence before the jury on the trial.  It does not appear that they were made matters of record as modifications of the issues on trial.  It seems manifest that such interrogatories should not have been submitted to the jury.

As to the first paragraph of the complaint, it appears that the appellee and his family made efforts to extinguish and subdue the fire.  Upon the evidence from which this was found the verdict should have shown what those efforts were, and the ends of justice will be served by another trial.

As to the second and third paragraphs of the complaint, while appellee was not entitled to judgment in

his favor upon them, justice seems to demand a new trial.

The judgment is reversed, and the cause is remanded for a new trial.